OPINION
Plaintiffs-appellants, Erica Miller, by and through Eric Miller, her father and next-friend, Sharon Miller and Eric Miller, appeal from a decision of the Franklin County Court of Common Pleas overruling plaintiffs' motion to reconsider and imposing a discovery sanction.
On May 21, 1999, plaintiffs filed a complaint in the Franklin County Court of Common Pleas against defendants-appellees, Anthem, Inc., Anthem Blue Cross Blue Shield, Community Insurance Company, dba Anthem Blue Cross Blue Shield and Anthem Insurance Co., Inc., aka Associated Insurance Company, Inc., aka The Associated Group. In their complaint, plaintiffs alleged that defendants wrongfully denied plaintiff, Erica Miller, coverage for Botox injections to treat her medical condition. Contending the denial aggravated her problems with walking and stretching and caused Erica pain, disability, and emotional upset, plaintiffs alleged claims of bad faith, breach of contract, intentional infliction of emotional distress, loss of parental consortium, tortious interference of contract, and negligence per se/strict liability.
Defendants responded with an answer on June 22, 1999, and at approximately the same time served plaintiffs with defendants' First Request for Production of Documents. Receiving no response, defendants on October 27, 1999, filed a Motion to Compel pursuant to Civ.R. 37(A), seeking a court order compelling plaintiffs to respond to defendants' discovery request.
On November 9, 1999, plaintiffs replied to the motion, indicating "plaintiffs have responded to defendants' request for production and produced approximately 175 pages of documents * * * but objected to production of unlimited records on the grounds of privilege and relevancy." (Plaintiffs' Memorandum Contra Defendants' Motion to Compel, p. 2.)
Defendants responded on November 15, 1999, with a memorandum in support of their motion to compel, asserting plaintiffs had waived the physician-patient privilege pursuant to R.C. 2317.02(B)(1)(a)(iii). Contending plaintiffs' refusal to provide the medical records was "patent bad faith," defendants requested not only the documents, but their expenses in filing the motion, including reasonable attorney fees.
By "decision and entry" filed on December 10, 1999, the court granted defendants' motion to compel discovery, concluding that under R.C.2317.02(B) plaintiffs waived the physician-patient privilege: "Thus, all communications made to the treating physicians and their advice to the Plaintiffs that occurred as they relate to the present case as well as communications that are causally or historically related to the injuries claimed are discoverable. In addition, the Defendants are entitled to discovery of any relevant matter that is reasonably calculated to lead to the discovery of admissible evidence. Civ.R. 26(B)(1)." (Decision and Entry Granting Defendants' Motion to Compel Filed October 27, 1999, p. 2.)
In response, on December 21, 1999, plaintiffs filed "Motion of Plaintiffs to Reconsider and Vacate This Court's Order Filed December 10, 1999." In support of their motion, plaintiffs stated defendants should have tried to resolve the discovery dispute regarding privilege and, failing an agreement, should have filed a separate motion to compel discovery based upon the objection of privilege asserted by plaintiffs. Plaintiffs contended defendants' motion to compel prevented plaintiffs from raising any privilege regarding Erica Miller's medical records. According to plaintiffs, the real issue in dispute was "what medical records are causally or historically related to the claims set forth in plaintiffs' Complaint." (Motion of Plaintiffs to Reconsider and Vacate this Court's Order Filed December 10, 1999, p. 2.) Defendants responded to the motion, and plaintiffs filed a reply memorandum.
Following defendants' reply, the court on March 6, 2000, filed a decision and entry denying the motion of plaintiffs to reconsider and vacate the court's order filed December 10, 1999. Noting that a motion for reconsideration is a nullity, the court found that plaintiffs had failed to produce the documents the court had previously ordered. Accordingly, the court reiterated its rational for requiring production of the documents, found plaintiffs had blatantly disregarded the court's December 10, 1999 order, and assessed attorney fees in the amount of five hundred dollars against plaintiffs to compensate defendants for responding to plaintiffs' motion for reconsideration.
Plaintiffs appeal assigning the following errors:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN ORDERING PLAINTIFFS-APPELLANTS TO EXECUTE A BLANKET RELEASE AUTHORIZING THE DEFENDANTS TO OBTAIN ALL OF PLAINTIFF ERICA MILLER'S MEDICAL RECORDS, WITHOUT REGARD TO THE EXTENT TO WHICH THEY RELATED TO THE UNDERLYING LAWSUIT.
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN HOLDING THAT THE PLAINTIFFS HAD FULLY WAIVED THE PHYSICIAN-PATIENT PRIVILEGE SIMPLY BY FILING THE LAWSUIT.
 ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN ORDERING, ON RECONSIDERATION, PLAINTIFFS-APPELLANTS TO PRODUCE ALL MEDICAL RECORDS RELEVANT TO THIS MATTER WITHOUT FIRST DETERMINING, THEN SPECIFYING, AS REQUESTED BY THE PLAINTIFFS, WHETHER AND TO WHAT EXTENT THE MEDICAL RECORDS SOUGHT BY DEFENDANTS ARE CAUSALLY OR HISTORICALLY RELATED TO THE INJURIES CLAIMED IN THE UNDERLYING ACTION.
 ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT ERRED IN FAILING TO RECONSIDER ITS ORIGINAL ORDER FOR PURPOSES OF CLARIFYING WHETHER AND TO WHAT EXTENT THE MEDICAL RECORDS SOUGHT BY DEFENDANTS ARE CAUSALLY OR HISTORICALLY RELATED TO THE INJURIES CLAIMED IN THE UNDERLYING ACTION.
 ASSIGNMENT OF ERROR NO. 5:
 THE TRIAL COURT ERRED IN REQUIRING THE PLAINTIFFS TO PRODUCE MEDICAL RECORDS PLAINTIFFS ASSERT ARE NOT CAUSALLY OR HISTORICALLY RELATED TO THE INJURIES CLAIMED IN THE UNDERLYING ACTION WITHOUT FIRST CONDUCTING AN IN CAMERA REVIEW OF THE MEDICAL RECORDS.
 ASSIGNMENT OF ERROR NO. 6:
 THE TRIAL COURT ERRED IN IMPOSING SANCTIONS ON THE PLAINTIFFS SIMPLY FOR ASKING THE TRIAL COURT TO RECONSIDER ITS AMBIGUOUS ORDER REGARDING THE PLAINTIFFS' CLAIM OF PRIVILEGE.
Before reaching the merits of plaintiffs' assigned errors, this court first must determine its jurisdiction to consider plaintiffs' appeal.
On December 10, 1999, the trial court determined defendants' motion to compel discovery. While trial courts frequently enter a decision and ask counsel to prepare an entry journalizing the decision, here the trial court prepared an entry and decision finalizing its ruling on defendants' motion to compel discovery.
Under former R.C. 2505.02, the court's final decision on defendants' motion to compel would not have been appealable, as discovery orders were deemed interlocutory. See, e.g., State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420. Recent amendments to the statute, however, render the trial court's final ruling on defendants' motion to compel discovery appealable. R.C. 2505.02 states:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
A "'[p]rovisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). (Emphasis added.) Because the trial court's ruling on defendants' motion to compel with respect to privileged documents falls within the provisional remedy language of R.C. 2505.02, the trial court's December 10, 1999 ruling was immediately appealable.
Pursuant to App.R. 4(A), plaintiffs had thirty days to appeal the trial court's ruling. Instead, plaintiffs filed a motion to reconsider or vacate the trial court's ruling. As the trial court noted, the "Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 379-380, n. 1. As a result, motions for reconsiderations filed after the entry of a final judgment are a "nullity." Franks v. The Lyman News (1996), 109 Ohio App.3d 408, 411.
Given the appealability of the court's order, the motion for reconsideration (1) was ineffective following the entry finalizing the court's ruling on defendants' motion to compel discovery, and (2) did not toll the time for appeal. Moreover, to the extent the motion for reconsideration incorporated aspects of a motion to vacate under Civ.R. 60(B), the motion neither tolled the time for appeal, nor set forth any basis under Civ.R. 60(B) for vacating the court's December 10, 1999 entry.
As a result, plaintiffs' March 10, 1999 notice of appeal from the trial court's December 10, 1999 decision and entry is untimely under App.R. 4(A) for purposes of appealing a provisional remedy under R.C. 2505.02. Accordingly, plaintiffs' first five assignments of error are not properly before the court for consideration.
We nonetheless note that, despite plaintiffs' contentions to the contrary, the trial court did not grant defendants access to any and all of plaintiffs' medical records. Rather, pursuant to R.C. 2317.02, the trial court granted defendants access to documents that relate causally or historically to the physical and mental injuries that are relevant to the issues in this action. Although plaintiffs attempt to limit the litigated issue to whether defendants improperly denied Botox injections to plaintiff; plaintiffs' complaint asserts that Erica's condition was aggravated by defendants' refusal of coverage, and it seeks damages for the aggravation. Given those allegations, the trial court properly allowed defendants access to medical records beyond those defendants possessed in determining the compensation issue: the aggravation plaintiffs' claim raises issues separate from the propriety of defendants' decision to deny coverage based on the medical evidence it had at that time.
Plaintiffs' sixth assignment of error asserts the trial court erred in imposing a five hundred dollar sanction on plaintiffs for failure to comply with the court's December 10, 1999 entry. While the disclosure of privileged documents invokes the provisional remedy aspects of R.C.2505.02(B), the sanction for plaintiffs' failure to disclose as ordered is not a provisional remedy. Although ancillary to the main action, the sanction can be reversed, if appropriate, in an appeal from a final judgment in the action, thus affording plaintiffs a meaningful remedy. Accordingly, plaintiffs' sixth assignment of error appeals from an interlocutory order and leaves this court without jurisdiction to consider its merits.
Because this court lacks jurisdiction to consider all six of plaintiffs' assignments of error, we dismiss the appeal.
TYACK and KENNEDY, JJ., concur.