OPINION
Defendant-appellant Harry Wagner et al ("Wagner") bring this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to Plaintiff-appellee Bankers Trust and the other plaintiffs("the banks").
On November 6, 1996, Wagner entered into several mortgages with New Century Mortgage Corporation ("New Century"). The mortgages provided as follows:
 19. Sale of Note; Change of Loan Servicer. The note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "loan Servicer") that collects monthly payments due under the Note and this Security Instrument.
 Mortgage, 5. Sometime after entering into the mortgages with Wagner, New Century sold the loans to the banks. The banks then sent notices to Wagner that all future payments were to be made to them. After Wagner failed to make the payments set forth in the mortgages, the banks filed suit to foreclose on the property. Wagner filed answers to the various claims. The banks then moved for summary judgment on the complaint.[1] In the motions for summary judgment, the banks claim that they are entitled to summary judgment because they are holders in due course. On October 13, 1999, the various cases were consolidated. The trial court granted summary judgment to the banks. It is from this judgment that Wagner appeals.
Wagner raises the following assignments of error.
 The trial court erred in determining that there was no issue of fact as to whether Wagner has claims and defenses based on fraud, misrepresentation, breach of the duty of good faith and breach of contract.
 The trial court erred in determining that there was no material issue of fact with regard to Wagner's claim of negligent misrepresentation.
 The trial court erred in determining that there was no issue of fact with regard to Wagner's claim of fraud.
 The trial court erred in determining that there was no issue of fact with regard to Wagner's claim of promissory estoppel.
 The trial court erred in determining that there was no issue of fact with regard to Wagner's breach of contract claim.
 The trial court erred in determining that there was no issue of fact with regard to Wagner's claim of breach of the duty of good faith.
 The trial court erred in determining that the parole evidence rule bars Wagner's claims and defenses.
 The trial court erred in determining that there was no genuine issue of material fact as to whether the banks are holders in due course.
When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v.The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party."State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589,639 N.E.2d 1189, 1192. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108,570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
In the first six assignments of error, Wagner claims defenses based upon the alleged activities of New Century. In support of these defenses, Wagner submits the affidavits of Harry H. Wagner, Jr., Dawn Wagner, and Lawrence Aula. These affidavits all state that New Century had agreed to refinance the loans within 12 months at a rate of seven to eight percent and that New Century would not sell the notes until they were refinanced at the lower rate. The veracity of these affidavits is challenged by the deposition of Jim Koenig who denies that any agreement was reached. We note that New Century is not a party to these suits and is currently a defendant in a case before the United States District Court for the Northern District of Ohio, Western Division, where the issue is whether the activities which make up the defenses listed in this case actually occurred. Since New Century is not a party to this case, the only evidence on the issue of the defenses is that provided by Wagner. Thus, it is possible that there is some validity to the claims of defenses.
Since Wagner raised issues in defense against New Century, the claims carry through to subsequent purchasers unless they are holders in due course.
 (A) Subject to division (C) of this section and [R.C. 1303.05(D)], "holder in due course" means the holder of an instrument if both of the following apply:
 (1) The instrument when issued or negotiated to the holder does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity.
 (2) The holder took the instrument under all of the following circumstances:
 (a) For value;
 (b) In good faith;
 (c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;
 (d) Without notice that the instrument contains an unauthorized signature or has been altered;
 (e) Without notice of any claim to the instrument as described in [R.C. 1303.36],
 (f) Without notice that any party has a defense or claim in recoupment described in [R.c. 1303.35(A)].
 R.C. 1303.32. Thus, we must determine if the record supports the legal conclusion that the banks are holders in due course.
The first requirement for being a holder in due course is that value is given. Value is given for an instrument if it is exchanged for a negotiable instrument. R.C. 1303.33(A)(4). In this case, the banks purchased the mortgages and the security interests in the real estate from New Century. The Corporate Assignments of the mortgages, as recorded in the Allen County Recorder's Office, state that value was received for the transfer. On the face of the documents, the security interests specifically permit the sale of the notes, along with the security interests, without notice to the borrower. These purchases were done in the course of business of the banks.
Next, the banks must show that they took the notes in good faith. Good faith is the observance of reasonable commercial standards of fair dealing. R.C. 1303.01(A)(4). Here, the banks purchased the notes as part of their ordinary course of business. The transfers of the mortgages and notes indicate that the transactions were done in good faith. We note that there is nothing in the record to indicate the contrary. Thus, a reasonable person could only conclude that the transactions occurred in good faith.
The third, fourth, fifth, and sixth requirements all deal with any potential defenses to the notes. In the motions for summary judgment, the banks indicate that they had no notice of the activities of New Century claimed by Wagner and filed in the motion to consolidate. The transfers of the notes and security interests do not indicate that the banks had any notice of any problems with the mortgages. There is no evidence in the record to suggest that the banks were aware of any defenses at the time they purchased the notes. Nor is there any indication by either side that the documents have been altered or forged. Since there is no evidence that the banks had knowledge of any defenses when they purchased the notes, they have met all of the requirements. Thus, the banks are holders in due course and the potential defenses raised by Wagner do not apply.
Without the defenses, the only evidence is that Wagner entered into the mortgages and has not made the payments as set forth in the notes. Thus, construing the evidence most favorably to the defendants, a reasonable person could only conclude that the banks are entitled to judgment. Thus, the assignments of error are overruled.
The judgments of the Court of Common Pleas of Allen County are affirmed.
Judgments affirmed.
WALTERS, P.J., and SHAW, J., concur.
[1] We note that although Wagner claims that a memorandum in opposition to the motion for summary judgment was filed, the record does not reveal that it ever occurred. The file stamp on the memorandum is September 28, 2001, which is several months after the various motions for summary judgment were granted.