OPINION
{¶ 1} Plaintiff-appellant Randy C. Flynn ("Flynn") brings this appeal from the judgment of the Court of Common Pleas of Paulding County granting summary judgment to defendant-appellee Herbert C. Orr Co., Inc. ("Orr").
 {¶ 2} Orr is in the business of making lug wrenches and hood props for automobiles. Flynn was employed by Orr as an upsetter operator. In addition, Flynn was responsible for the preventive maintenance on the wheel abrator[1]. On January 31, 2000, Flynn went near the wheel abrator room to return a tow motor[2] he had used to move steel bundles elsewhere in the plant. While climbing off the tow motor, Flynn slipped on metal shot that had leaked from the wheel abrator, fell to the concrete floor and was injured. On January 12, 2001, Flynn filed a complaint alleging an intentional tort by Orr, violation of Orr's statutory duty to furnish a safe place of employment, failure to provide safety training, failure to provide adequate warning of dangerous condition, loss of consortium, and punitive damages. An answer denying these allegations was filed on February 12, 2001. On February 22, 2002, Orr filed a motion for summary judgment. Flynn filed his response on March 15, 2002. The trial court granted Orr's motion on April 17, 2002. It is from this judgment that Flynn appeals.
 {¶ 3} Flynn raises one assignment of error. "The trial court erred in granting [Orr's] motion for summary judgment in that genuine issues exist as to the material fact as to whether [Orr] had knowledge that if [Flynn] was subjected by his employment to a known danger then harm to [Flynn] was a substantial certainty."
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} The Ohio Supreme Court has set forth the requirements for proving an intentional tort.
 {¶ 6} "[I]n order to establish `intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Fyffe v. Jeno's Inc. (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.
 {¶ 7} The first prong of the test is whether the employer had knowledge of a dangerous condition. In this case, Orr's expert witness testified that shot leakage is inherent to the operation of a wheel abrator machine. The expert testified that the amount of leakage at Orr's plant was within the normal range of leakage. Although no other employee reported injury as a result of slipping on shot, various employees, including a co-owner of the plant, slipped on the shot, but did not fall. In an effort to reduce the slippery effect of the shot, each shift was required to sweep up the shot to keep the area clean. Given these facts and viewing them in a light most favorable to Flynn, a reasonable person could conclude that Orr knew of a dangerous condition in its plant.
 {¶ 8} Second, Flynn must produce evidence from which it may be inferred that Orr knew with substantial certainty that harm would occur to the employees as a result of the dangerous condition. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite knowledge of some risk, his or her conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and still requires the employee to proceed, the employer is treated by the law as if he or she had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk, something short of substantial certainty, is not intent. Id.Here, Flynn claims that Orr knew that someone could slip on the shot and knew that anyone falling on a concrete floor is likely to be injured. However, Flynn himself testified that he knew the area was slippery and that he had to be careful. Testimony was also given that Orr attempted to reduce the leakage of shot by periodically replacing the seal on the door of the wheel abrator and by frequently cleaning the area around the machine. Documentation was provided that showed that no other reported incidents of someone slipping and falling in that area. Although members of Orr's management expressed some concern that the area was slippery and that some one might fall and that person might then be injured, this is nothing more than an appreciation of the risk. This appreciation resulted in Orr making efforts to reduce the risk. It is not a showing that Orr was substantially certain that injury was likely to occur. Therefore, as a matter of law Orr cannot be said to have known with substantial certainty that an injury would result from the working conditions. Thus Flynn has not met the second prong of the Fyffe test.
 {¶ 9} The third prong of the Fyffe test is that Orr required the employee to perform the dangerous task. At the time of the injury, Flynn was pulling a tow motor and slipped on metal shot leaked from the wheel abrator which caused him to fall and injure himself. The task that Flynn was performing at the time of his injury was not inherently dangerous. The fact that he slipped and fell could have occurred for any number of reasons, but had nothing to do with the task he was assigned to perform at that time. Thus, Flynn has failed to meet the third requirement of the Fyffe test.
 {¶ 10} Since Flynn has failed to meet two of the three requirements of the Fyffe test, the trial court did not err by granting summary judgment to Orr. The assignment of error is overruled.
 {¶ 11} The judgment of the Court of Common Pleas of Paulding County is affirmed.
Judgment affirmed.
 WALTERS, J., concurs.
[1] A wheel abrator is a machine that cleans unfinished parts by blasting them with small metallic shot.
[2] A tow motor is a vehicle similar to a fork lift that is used to move very heavy objects.