OPINION
{¶ 1} Plaintiff-appellant Orville Smith ("Smith") brings this appeal from the judgment of the Court of Common Pleas of Defiance County granting summary judgment to defendant-appellee R.G. Zachrich Construction, Inc. ("Zachrich").
 {¶ 2} In the 1990's Zachrich and Smith began discussing the possible development of some of Smith's land. The discussions progressed and steps were taken to bring the development into a reality. Smith signed two summary papers that Zachrich claims are contracts and which Smith claims were proposals. The documents consisted of two sentences each and were prepared by Zachrich. In the winter of 2000, Smith became concerned about Zachrich's honesty in their dealings and asked Zachrich to stop the development until various matters could be resolved. Zachrich refused claiming that they had a contract. Smith then sought legal advice. Smith's attorney notified Zachrich that all work should stop until procedures could be put into place to protect Smith.[1] Smith, who had paid numerous invoices given to him by Zachrich, which included a 7% markup, wanted all work to stop until he could verify the expenses. When the matter could not be resolved by the parties, Smith filed a motion for declaratory judgment asking that the alleged contracts be declared non-binding.
 {¶ 3} In response to Smith's action, Zachrich filed a counterclaim against Smith. Zachrich claimed breach of contract, specific performance, enforcement of mechanics lien, estoppel, and unjust enrichment. Both parties eventually filed motions for summary judgment. On March 7, 2001, the trial court overruled Smith's motion for summary judgment, finding that genuine issues of material fact as to whether a contract existed between the parties and as to what the terms of those contracts were. However, the trial court then granted summary judgment to Zachrich finding that Smith had breached the contracts and that Zachrich had suffered damages. The trial court subsequently awarded damages to Zachrich.
 {¶ 4} Smith raises the following assignments of error.
The trial court erred in finding that Smith was "estopped to deny" theexistence of an enforceable agreement as to the development project.
 The trial court erred in finding that Smith was in anticipatory breachof the agreement as to the development project because there was noanticipatory breach as a matter of law or fact.
 The trial court's award of lost profits damages as to the developmentproject is against the manifest weight of the evidence, is not supportedby non-speculative, certain evidence, and constitutes an abuse ofdiscretion.
 The trial court erred in finding Smith was estopped to deny theexistence, and in anticipatory breach, of the lot sale "agreement"because there was no estoppel or anticipatory breach as a matter of lawor fact.
 The trial court's award of lost profit damages as an alternative remedyto be elected by Zachrich for the alleged anticipatory breach of the lotsale agreement is against the manifest weight of the evidence, is notsupported by non-speculative certain evidence, and constitutes an abuseof discretion.
 The trial court's decision to hold Julianne Smith jointly and severallyliable is contrary to law and to the evidentiary record.
 The trial court's decision that Zachrich has a valid mechanic's lienagainst the Smiths in the amount of $137,375.68 and to order said lienforeclosed is invalid as a matter of law.
 {¶ 5} Zachrich raises the following assignments of error on cross-appeal.
The trial court erred by ordering specific performance as a completeremedy for breach of the Lot Sale Agreement, and by forcing Zachrich topay the full amount for the lots without a requirement that site utilitiesand streets first be in place.
 The trial court erred as a matter of law by not awarding prejudgmentinterest to Zachrich contrary to Royal Electric Construction v. OhioState University (1995), 73 Ohio St.3d 110.
 {¶ 6} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 7} In this case, the first determination that has to be made is whether the alleged agreements are express contracts. The first document alleged to be a contract states as follows.
We purpose (sic) to furnish labor and materials to install Phase I:Engineering, streets, sewers, water, culverts, and structual (sic) fillcomplete. Construction to be funded by Farm Credit Service and lotSales. Payment is due upon receipt or within thirty (30) days.Construction to proceed as money is made available.
 Total Price $1,366,500.00
 {¶ 8} This document was in the form of a letter to Smith. Zachrich signed the letter. Smith signed the letter as agent, although no principal was designated.
 {¶ 9} The second alleged contract states as follows.
OFFER TO PURCHASE Lot #29 29A -R@ land based on 11.14 acres above100 year flood plan elevation @ $25,000.00 per acres for a total of$278,500.00. Sale to close at time sewer, water, and street areavailable.
 {¶ 10} The document was signed by Zachrich, and again by Smith as agent with no designation of the principal. Smith claims that he believed he was only signing the documents to acknowledge receipt of the proposals. Zachrich claims that they are broad contracts to be supplemented later as to the details. What exactly those details were is debated by the parties. Thus, the trial court concluded that there were substantial genuine issues of material fact that existed as to whether an express contract exists, and, if so, what the terms of that contract are. This court, upon an independent review of the evidence, agrees with this conclusion. Thus, the trial court correctly denied summary judgment to both parties on the issue of the express contract.
 {¶ 11} After determining that the disputed facts prevented the granting of summary judgment regarding the existence and requirements of any contract, the trial court nevertheless imposed a quasi-contractual remedy and granted summary judgment to Zachrich.
It is well-established that there are three classes of simplecontracts: express, implied in fact, and implied in law. * * * In expresscontracts the assent to its terms is actually expressed in offer andacceptance. In contract implied in fact the meeting of the minds,manifested in express contracts by offer and acceptance, is shown by thesurrounding circumstances which made it inferable that the contractexists as a matter of tacit understanding. In contracts implied in lawthere is no meeting of the minds but civil liability arises out of theobligation cast by law upon a person in receipt of benefits which he isnot justly entitled to retain and for which he may be made to respond toanother in an action in the nature of assumpsit. Contracts implied in laware not true contracts; the relationship springing therefrom is not in astrict sense contractual but quasi-contractual or constructivelycontractual.
 {¶ 12} Legros v. Tarr (1989), 44 Ohio St.3d 1, 6-7, 540 N.E.2d 257
(citations omitted). When the contract is implied in fact, compensation is in accord with the parties intent as shown by the surrounding circumstances. Id. When the contract is implied in law, the compensation is the reasonable value of the services. Id.
 {¶ 13} In this case, the circumstances surrounding the contract and the intent of the parties are in dispute. Thus, there are genuine issues of material fact to be determined before a court can rule on whether any express contract or a contact implied in fact exists. Until this factual dispute is resolved, no judgment can be entered and it was error to grant summary judgment on any of these alternative matters. The first assignment of error is sustained.
 {¶ 14} Since this court has determined that the granting of summary judgment on a contract implied in law was premature and inappropriate, Smith's remaining assignments of error must be sustained. Zachrich's cross-assignments of error concerning the damages are therefore moot and are thus overruled.
 {¶ 15} The judgment of the Court of Common Pleas of Defiance County is affirmed in part and reversed in part. The cause is remanded for further proceedings.
Judgment affirmed in part, reversed in part and cause remanded.
SHAW and WALTERS, JJ., concur.
[1] Work on the development was stopped when the township issued a stop work order.