OPINION.
{¶ 1} Plaintiff-appellant Susan Altvator ("Altvator") brings this appeal from the judgment of the Court of Common Pleas of Hardin County granting summary judgment to defendant-appellee Cincinnati Insurance Co. ("Cincinnati").
 {¶ 2} On January 6, 2002, Timothy Altvator Jr. was riding his scooter when he was struck by a motor vehicle and killed. The driver of the motor vehicle was never identified. On January 6, 2003, Altvator, as the personal representative of the child's estate, filed a complaint alleging that John Doe negligently operated a motor vehicle causing the death of Timothy. The complaint also named Nationwide, which provided uninsured motorists coverage for Altvator, and Cincinnati, which provided insurance for Wyandot Memorial Hospital, Altvator's employer. On April 4, 2003, Cincinnati filed for summary judgment against Altvator. This motion was granted on June 6, 2003. It is from this judgment that Altvator appeals and raises the following assignment of error.
The trial court erred as a matter of law in granting [Cincinnati's]motion for summary judgment, in that [Altvator is an insured] under [its]policy of uninsured/underinsured motorist coverage.
 {¶ 3} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 4} In this case, the policy in question provides the following definition of who is an insured.
A. Who is an insured
 1. You are an "insured." However, if you are not a natural person, youare an "insured" only for purposes of selecting limits of UninsuredMotorist Coverage or executing a rejection of Uninsured MotoristsCoverage.
 2. "Family members" of natural persons shown as Named Insureds in theDeclarations of this Coverage Form.
 3. Employees of the Named Insured, but only for injuries arising out ofan incurred while in the course and scope of employment for the NamedInsured shown in the Declarations of this Coverage Form.
 4. Anyone for injuries incurred while "occupying" a covered "auto" or atemporary substitute for a covered "auto." The covered "auto" must be outof service because of its break down, repair, servicing, loss ordestruction.
 5. Anyone for damages he or she is entitled to recover because of"bodily injury" sustained by another "insured."
Endorsement, 2. Timothy was not the named insured, an employee of the named insured or occupying a covered auto at the time of the accident. Thus, the only way his injury can be covered is if Altvator is a named insured. The Common Policy Endorsement specifies that the named insured is Wyandot Memorial Hospital, thus Altvator is not a named insured. Based upon the specific language of the policy, Altvator is not a named insured and the injury did not arise from her employment. Thus, the injury to Timothy is not covered by the Cincinnati policy. The trial court did not err in granting summary judgment to Cincinnati and the assignment of error is overruled.
 {¶ 5} The judgment of the Court of Common Pleas of Hardin County is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.