FRANKS et al., Appellants,

v.

THE LIMA NEWS, Appellee.

[Cite as *Franks v. The Lima News* (1996), 109 Ohio App.3d 408.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–59.

Decided Feb. 15, 1996.

*Bruce Comly French,* for appellants.

*Cory, Meredith, Witter, Roush & Cheney* and *Donald J. Witter; John A. Bussian,* for appellee.

HADLEY, Presiding Judge.

Plaintiffs-appellants, Nancy A. Franks and James Franks ("appellants"), appeal from the judgment entered in the Allen County Court of Common Pleas granting the motion of defendant-appellee, The Lima News ("appellee"), for summary judgment and dismissing the complaint.

Appellants brought suit against appellee alleging a claim of libel based upon the following article appearing in appellee's publication on June 26, 1994:

"8 arrested for rioting

"Lima police arrested eight people and sent more than 40 others packing after they found them rioting in the 100 block of East North Street Saturday morning.

"Approximately 50 people were squaring off for a fight around 2:20 a.m. just east of Main Street in the downtown area when Patrolman Michael Koening came upon the disturbance, police reports said.

"Police charged eight people with rioting, failure to disperse and intoxication.

"Arrested were: * * * Nancy A. Franks, 40, 4836 Willow St. * * *.

"All except Smith and Shurelds were charged with resisting arrest and the juvenile was charged with violating the city's curfew."

Appellee printed two separate corrections to this article on June 27, 1994 and July 3, 1994, explaining that Franks had not been arrested as previously reported and was "merely riding with a Lima police officer to learn about police work in the community" and that "[a] reporter from the paper copied her name in error as a suspect" from the police report.

Subsequent to the filing of appellants' complaint for libel, both parties filed motions for summary judgment. The trial court concluded that appellants had not presented any evidence of a genuine issue of material fact which could lead

any reasonable person to conclude, "by clear and convincing evidence," that appellee had failed to act reasonably in discovering the truth or falsity of information contained in the June 26, 1994 article. Accordingly, on August 17, 1995, the trial court granted summary judgment to appellee and dismissed the complaint. On September 14, 1994, appellants filed a motion for reconsideration in the trial court.

Appellants also timely filed a notice of appeal from the August 17, 1995 decision and their appeal is now before this court, wherein they assert one assignment of error for our review:

"The trial court erred in sustaining defendant's Motion for Summary Judgment on plaintiffs' claim of libel pursuant to its reading of the protections afforded by the First Amendment to the United States Constitution to a private person victim of libel by a daily newspaper."

■ Before reaching the substantive issue raised in appellants' assignment of error, we must first address a procedural problem raised by the parties. In support of their argument in their appellate brief, appellants rely upon two affidavits which were attached to their motion for reconsideration. These affidavits will not be considered by this court. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after final judgment has been entered in the trial court. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus. In effect, such motions are a nullity. *Id.* Moreover, we are guided by the well-established rule of appellate law that a reviewing court considers only the evidence that the trial court had before it. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Therefore, we do not consider any part of appellants' motion for reconsideration.

■ Turning to the substantive issue raised by appellants' assignment of error, we first examine our standard of review upon a motion for summary judgment.

"Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192.

Summary judgment is a procedure designed to terminate the normal litigation process when there is no issue for trial. *Murray v. Murray* (1993), 89 Ohio App.3d 141, 144–145, 623 N.E.2d 1236, 1238–1239. Therefore, courts must

proceed cautiously and award summary judgment only when appropriate. *Id.* Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–140. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099. An appellate court reviews a trial court's grant or denial of summary judgment independently, applying the same standard as the trial court. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271.

As stated, appellants set forth a claim for libel. To establish a claim for libel, appellants must demonstrate first, that the statement is false; second, that the statement is defamatory [1] towards the plaintiff; third, that the statement was written; fourth, that the statement was published; and, fifth, that the defendant is guilty of some degree of fault. *Black v. Cleveland Police Dept.* (1994), 96 Ohio App.3d 84, 88, 644 N.E.2d 682, 684. See, also, *A & B–Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council* (1995), 73 Ohio St.3d 1, 651 N.E.2d 1283. Fault is established by determining whether "the defendant acted reasonably in attempting to discover the truth or falsity or defamatory character of the publication." *Embers Supper Club v. Scripps–Howard Broadcasting Co.* (1984), 9 Ohio St.3d 22, 25, 9 OBR 115, 117, 457 N.E.2d 1164, 1167. If a private figure plaintiff has established a prima facie showing of defamation and the only issue remaining is fault, the plaintiff's burden is then to prove, by clear and convincing evidence, that the defendant did not act reasonably in attempting to discover the truth or falsity of the publication. *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 512 N.E.2d 979.

Appellants made a prima facie showing of defamation, and the only issue before the court upon review of appellee's motion for summary judgment is whether there exists a genuine issue of material fact of whether the reporter of the article in question, Michael Noe ("Noe"), acted reasonably in attempting to discover the truth or falsity of the publication.

Appellee argues that the trial court properly granted its motion for summary judgment because appellants did not present any evidence that Noe did not act reasonably in attempting to discover the truth or falsity of the publication. To support its motion for summary judgment, appellee submitted the affidavit of Noe, which states in pertinent part:

---

1. " 'Defamation is a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business.' " *Rogers v. Buckel* (1992), 83 Ohio App.3d 653, 659, 615 N.E.2d 669, 672–673.

"5. I carefully sourced or researched the [June 26, 1994] article the same way that I have always reported the contents of Lima Police Department arrest records. I read the arrest record * * * correctly noting that the first seven names on the report were those arrested by the Lima Police Department on June 25, 1994 for rioting, failure to disperse and intoxication. I also incorrectly noted Nancy Franks as a suspect on the same charges as the other seven suspects. This was an honest mistake due to Nancy Franks' name having been listed in the same place in the arrest report as the suspects. The report listed her height, weight, hair and eye color which is normally done for suspects. Only a bubble blackened [next to the term] 'wit' indicated [that] Nancy Franks had not been arrested.

"6. My mistake in reporting Nancy Franks as a suspect in the article was reasonable under the circumstances. As a daily newspaper reporter reporting on [a] deadline, I was unable to verify the arrest report with Nancy Franks prior to the publication of the article."

In its August 17, 1995 judgment entry, the trial court determined that no genuine issue of material fact remained for the trier of fact because a reasonable person could not conclude, "by clear and convincing evidence," that appellee acted unreasonably in attempting to discover the truth or falsity of the June 26, 1994 article.

Our review shows that the trial court used an incorrect analysis in reaching its decision to grant appellee's motion for summary judgment. As noted above, before summary judgment can be granted, Civ.R. 56(C) requires that *no* genuine issue of material fact exists. The burden of proof required in a particular civil case is of no consequence when a court reviews a motion for summary judgment. The sole issue for a court when it reviews a motion for summary judgment, along with all relevant evidentiary materials and pleadings is whether *any* genuine issue of material fact exists. Thus, the trial court's standard for review in this case was incorrect because it effectually weighed the evidence to determine whether appellants had presented clear and convincing evidence of the reasonableness of the reporter's attempt to discover the truth or falsity of the June 26, 1994 article. Applying the correct standard set forth in Civ.R. 56(C), this court concludes that the Lima police report presents a genuine issue of material fact sufficient to defeat appellee's motion for summary judgment.

For clarity, we have attached to this opinion a copy of the Lima police report of the June 25, 1994 incident. An inspection of that document reveals that it has a place for the police officer to write in such vital information as the offense, the name of the victim, and names of witnesses and suspects. Appellant Nancy Franks's name appears as the eighth and very last name on the report. Next to

each person's name, other than the victim information box, is a place for the officer to designate in a box each listed person as either "sus" (suspect) or "wit" (witness) and to provide vital statistical information (age, weight, etc.). The "sus" or "wit" box was filled in for each of the eight persons listed on the report. The "sus" box was blackened for the first seven names and the "wit" box was blackened next to Nancy Franks's name.[2] With the exception of the seventh listed name, which fairly and accurately indicated that the person was in custody and a suspect (see report and footnote 2), and contrary to the assertion of the trial court and appellee, the "sus" and "wit" boxes *are* in the same place for each person. Even if it could be said that the "sus" and "wit" boxes are not in the same place for each listed suspect or witness, this may be reason for a reporter to examine the report more carefully than normal to check the accuracy of the information he is reporting. Moreover, the boxes designating whether or not each of the eight listed persons was a suspect or witness, including Nancy Franks, *are located directly next to the person's name.* Even a cursory review of the Lima police report reveals that such report is used for *both* suspects' *and witnesses'* names, requiring, at a minimum, of one reporting from such document, to check the "sus" or the "wit" box; especially, for a reporter like Noe, who indicates in his affidavit that he has gathered information from Lima police reports on prior occasions. Moreover, the "custody" box to the left of each name was blackened, *except for the box next to Nancy Franks's name.*

Viewing the evidence most strongly in favor of the nonmoving party as required by Civ.R. 56(C), the Lima police report attached hereto is itself sufficient evidence to indicate that a genuine issue of material fact exists as to whether appellee acted in a reasonable manner. Thus, for the reasons stated, a reasonable person could conclude that Noe failed to act reasonably in attempting to discover the truth or falsity of his June 26, 1994 report. Whether Noe's "honest mistake" was reasonable under the circumstances is a genuine issue of material fact for the trier of fact to decide. Hence the trial court erred by granting appellee's motion for summary judgment.

Appellants' sole assignment of error is sustained. The judgment of the Allen County Court of Common Pleas is reversed, and the cause is remanded for proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.

---

**2.** The name listed just prior to Nancy Franks's box was written in a victim box; however, the officer marked out "victim," and wrote "custody" next to the box and blackened in a square indicating the person was a suspect.

## Exhibit "B"

LIMA POLICE DEPARTMENT
117 E MARKET STREET
LIMA OHIO 45801

| | RESTRICTED RELEASE | ☐ MORALS ☐ INTRADEPARTMENTAL |
|---|---|---|

2C-8

CFS / INCIDENT # 94-27468

| | | |
|---|---|---|
| REPORT DATE 06-25-94 | REPORT TIME 0222 | INCIDENT DATE 06-25-94 | INCIDENT TIME 0222 HRS |
| OFFENSE CODE & TITLE 24 DISORDERLY CONDUCT | | |
| LOCATION - ST # 100 STREET: E. NORTH ST. | APT : | CITY OF LIMA | BUSINESS NAME : |
| STATE : OHIO ZIP CODE : 4580 / CENSUS TRACT/BLOCK: 129-133 | BEAT 7 | ☐ LIQUOR VIOLATION ☐ DRUG VIOLATION LOSS INSURED ☐ YES |
| REPORTING OFFICER & # KOENIG 35-32 ADD OFFICER & # . | DISPOSITION : 10 20 30 40 60 DATE: |

**VICTIM**

| NAME TYPE : ② X LIST : LIMA | FIRST : CITY | MIDDLE : OF | MONIKER : |
|---|---|---|---|
| SEX : M F ETHNIC : A B W V I T : DOB : | AGE : | HEIGHT : | HAIR : | EYES : | SBT : |
| ADDRESS - ST # 117 STREET: E MARKET S | APT : | CITY : LIMA | STATE : Ohio | ZIP: 45801 |
| HOME PHONE : WORK PHONE: 227-4414 | EMPLOYMENT : | SSN : |

**SUSPECT**

| NAME TYPE : ② X W LIST : WEST ☐ COR ☒ SUS ☐ WIT | FIRST : LEON | MIDDLE : (NMN) | MONIKER : |
|---|---|---|---|
| SEX : ① F ETHNIC : A ① W I V I T : DOB : 11-4-69 AGE : 24 HEIGHT : 5'10" WEIGHT : 175 HAIR : BLK EYES : BRO SBT : — |
| ADDRESS - ST # 515 STREET: E LINDEN | APT : 1/2 | CITY : LIMA | STATE : Ohio | ZIP: 45804 |
| HOME PHONE : 222-6879 WORK PHONE: UNK EMPLOYMENT : CLARK-PAC SSN : 357503841 |

**SUSPECT**

| NAME TYPE : ② X W LIST : ☒ SUS ☐ WIT NICHOLS | FIRST : QUENTON | MIDDLE : D. | MONIKER : |
|---|---|---|---|
| SEX : ① F ETHNIC : A ① W I V I T : DOB : 223-75 AGE : 19 HEIGHT : 5'8" WEIGHT : 160 HAIR : BLK EYES : BRO SBT : — |
| ADDRESS - ST # 1610 STREET: S. REESE AVE. | APT : — | CITY : LIMA | STATE : Ohio | ZIP: 45804 |
| HOME PHONE : 273-2881 WORK PHONE: NONE EMPLOYMENT : NONE SSN : 292604011 |

**SUSPECT**

| NAME TYPE : ② X W LIST : ☒ SUS ☐ WIT BREASTON | FIRST : K.C. | MIDDLE : LEE | MONIKER : |
|---|---|---|---|
| SEX : ① F ETHNIC : A ① W I V I T : DOB : 05-64 AGE : 29 HEIGHT : 602 WEIGHT : 235 HAIR : BLK EYES : BRO SBT : — |
| ADDRESS - ST # 122 STREET: N. MAIN ST | APT : | CITY : LIMA | STATE : Ohio | ZIP: 45801 |
| HOME PHONE : 222-8195 WORK PHONE: UNK EMPLOYMENT : ATOCO PARKING SSN : 283627081 |

| RECORD TYPE: | E - EVIDENCE | F - FOUND | S - STOLEN | V - VICTIMIZED PROPERTY/VEHICLE (NOT STOLEN) | H - HIT SKIP | I - IMPOUND | L - LOST | X - SUSPECT VEHICLE | R - RECOVERED |
|---|---|---|---|---|---|---|---|---|---|

| ITEM # | NCIC | RECORD TYPE | PROPERTY CODE / NAME | MANUFACTURE BRAND/MAKE | MODEL | SERIAL # OR OWNER APPLIED # | DESCRIPTION SIZE / COLOR | VALUE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| VEH YR | VEH MAKE | V BOD | VEH STYLE | VEH COLOR | VEH VALUE |
|---|---|---|---|---|---|
| VIN : | | | | | |
| VEH DISPOSITION | DATE | DAMAGE/ID ELEMENTS | INSURED BY |

| NCIC ENTERED DATE | ENT BY | SER # | DATE CANCELLED | CANCELLED BY |
|---|---|---|---|---|

| REVIEWING SUPERVISOR | | OTHER FORMS : ☐ IMPOUND ☒ ARREST ☐ DOMESTIC VIOLENCE |
|---|---|---|
| DATE : INIT : MB ID # | ☐ CITATION/SUMMONS ☐ PROPERTY ☒ FORM 3 PAGE 1 OF 3 |

ETHNIC TABLE : A - ASIAN/PACIFIC B - BLACK I - NATIVE INDIAN/ALASKAN W - WHITE X - WHITE HISPANIC Y - BLACK HISPANIC OFFICER INJURY ☐ YES ☒ NO

## SUSPECT CHARACTERISTICS

| | HAND USE SUSPECT |
|---|---|
| 1 2 | Z Left Handed |
| | 3 Right Handed |
| | Z Other |

**TEETH SUSPECT**
- A Braces
- B Broken
- C Chipped
- D Crooked
- E False Dentures
- F Capped
- G Gold Visible
- I Irregular
- J Large
- K Missing
- L Normal
- M Protruding
- N Silver Capped
- O Stained/Decay
- Z Other

HAIR CONT'd →
- M BALD
- N CURLY
- P WAVY
- JERI CURLS
- Q LONG
- R SHORT
- S CREW

## TYPE OF PREMISE
- 1 Apt/Duplex/Condo
- 3 Auto Dealer
- 3 Church
- 4 Convenience Stor
- 5 Drug Store
- 6 Fast Food
- 7 Financial Inst.
- 8 Gas Sta/Garage
- 9 Grocery Store
- 0 Manufact/Const
- B Medical
- C Office
- D Public Bldg.
- E Restaurant/Bar
- F Retail Store
- G School
- H Single Fam Dwel
- I Van/Camp/Mtrhm
- J Vehicle
- K Wholesale
- Z Other STREET

## OBJECT OF ATTACK
- 1 Building Foyer
- 3 Building Inter
- 3 Cash Reg/Drawer
- 4 Customer(s)
- 5 Display/Items
- 6 Entire/Building
- 7 Garage/Carport
- 8 Mailbox
- 9 Owner/Employee
- 0 Public/Rec Fac
- B Purse/Wallet/Log
- C Safe/Box
- D Storage Area
- E Vehicle
- F Vehicle/Prt/Acc
- G Vending Machine
- H Yard/Landscape

**COMPLEXION SUSPECT**
- A Acne
- B Age Lines
- C Clear
- D Dark
- E Freckled
- F Light
- G Medium
- H Pale
- I Pocked
- J Ruddy
- K Yellow
- L Tanned
- Z Other

**FOOTWEAR/SIZES SUSPECT**
- 0 Barefoot
- 1 Common Shoe
- 3 Hiking Boot
- 3 Snowmobile Boot
- 4 Tennis Shoe
- 5 Overshoe
- 6 Western Boot
- 7 Work Boot
- 8 Oxford
- 9 Combat/Boot
- A 04-05 Inch
- B 05-06 Inch
- C 06-07 Inch
- D 07/08 Inch
- E 08-09 Inch
- F 09-10 Inch
- G 10-11 Inch
- H 11-12 Inch
- I 12-13 Inch
- J 13-14 Inch
- K 14-15 Inch
- L 15-16 Inch
- M Brown
- N Red
- O White
- P Black
- Q Blue
- Z Other

## POINT OF ENTRY
- A Adjoining Bldg
- B Back Door
- C Basement Window
- D Bay/Ornd/Load
- E Duct/Vent
- F Front Door
- G Garage
- H Ground Window
- I Roof/Floor
- J Slid Door
- K Slid Glass Door
- L Veh Left Door
- M Veh Right Door
- N Veh Trunk
- O Veh Hood
- U UPPER WINDOW
- Q Z OTHER

## METHOD OF ENTRY
- 1 Attempt Only
- 2 Bodily Force
- 3 Bolt Cutter/Plier
- 4 Broke Glass
- 5 Burn/Torch
- 6 Ground Window
- 7 Glass Cutter
- 8 Coat Hang/Slim
- 9 Cutting Tool
- A Explosives
- B Hatchet/Axe
- C Hid in Building

**SPEECH SUSPECT**
- A Accent
- B Impediment
- C Lisp
- D Mumbles
- E Nasal
- F Offensive
- G Rapid
- H Slow
- I Slurred
- J Stutters
- L Talkative
- M HIGH PITCH
- Z OTHER

**HAIR SUSPECT**
- A Clean Shaven
- B Full Beard
- C Fu-Manchu
- D Fuzzy
- E Goatee
- F Heavy Brows
- G Lower Lip
- H Moustache
- I Sideburns
- J Thin Beard
- K Unshaven
- L FLAT TOP
- Z OTHER

**METHOD OF ATTACK SUSPECT**
- 1 Answers V/Ad
- 2 Ask V/for Info
- 3 Bank Exam Scam
- 4 Beats Victim
- 5 Bites Victim
- 6 Chokes Victim
- 7 Cov Mouth w/Hand
- 8 Covers Vic Face
- 9 Cut/Stab Victim
- 10 Defaces & Scene
- 11 Disrobes During
- 12 Disrobes Victim
- 13 Drof Occu. Res
- 14 Force V/Beg Money
- 15 Force V/
- 16 For V/Opn Regis
- 17 For V/Opn Safe
- 18 For V/Raise Hnd
- 19 Gags Victim
- 20 Grab & Run
- 21 Hid Face Oth Ob
- 22 Hid Face Stock
- 23 Hid Face w/Mask
- 24 Hid Prop/Ret La
- 25 Hits Victim
- 26 Jump V/From Rear
- 27 Jumps Counter

**KEY/ENTRY**
- D Key/Slip/Card
- E Knife
- F Left Unlocked
- G No Force
- H Punch Lock
- I Remove Hinges
- J Remove Screen
- K Saw/Drill/Burn
- L Screwdriver
- M Tape/Wire
- N Tire Iron
- O Glass Removed

**ODORS SUSPECT**
- 1 Alcohol
- 3 Body
- 3 Body Excrement
- 4 Chewng Tobacco
- 5 Cigarette
- 6 Holsteria
- 7 Marijuana
- 8 Perfume
- 9 Petroleum
- Z Other

**CLOTHING SUSPECT**
- A Bathing Suit
- B Blue Jeans
- C Clothing/of Opp. Sex
- D Coveralls
- E Dress
- F Gloves
- G Headband/Scarf
- H Jacket/Coat
- J Nude
- K Pants
- L Poorly Dressed
- M Shirt/Blouse
- O Shoes/Boots
- P Skirt
- Q Shorts
- R Suit
- S Sweater
- U Uniform
- W Well Dressed
- Z Other

**VICTIM SUSPECT**
- 28 Kisses Victim
- 29 Kidnaps Victim
- 30 Knew Alarm Syst
- 31 Knew of Safe
- 32 Look for Work
- 33 Lures V/Isolated
- 34 Makes Purchase
- 35 Meets V/In Bar
- 36 Mace Used
- 37 Offers V/Assist
- 38 Oral Copulates
- 39 Pigeon Drop
- 40 Pose As Officer
- 41 Pose As/Salesman
- 42 Rapes Victim
- 43 Rem C/th Due Ac
- 44 Reqs Assistance
- 45 Shoots Victim
- 46 Sodomizes Vic
- 47 S/Climax/Ejacul
- 48 Susp Hitchhiking
- 49 Susp Masturbate
- 50 Suspect Phones
- 51 S/Hit Register
- 52 Sus Uach Eject
- 53 Tak Cash Drawer
- 54 Takes V/Clothes
- 55 Thr V/Pillowcase
- 56 Threatens Harm
- 57 Tie/Handcuffs
- 58 Tld V/Go T Near
- 59 Tld V/Lay Down
- 60 Tld J/To Count
- 61 Touch V/Breasts
- 62 Touch V/Genital
- 63 Unique Statement
- 64 Urinates At Scene
- 65 Used Gloves
- 66 Uses Keys/Combo
- 67 Uses Lubricant
- 68 Uses Obscenities
- 69 Uses Stolen Veh
- 70 Uses V/Vehicle
- 71 Vic Hitchhiking
- 72 V/Heard Suspect

**HAT/MASK SUSPECT**
- A Baseball Cap
- B Beret
- C Dress Hat
- D Fur Hat
- E Halloween Mask
- F Hard Hat - Const.
- G Military
- H Ski Mask
- I Stocking Hat
- J Stocking Mask
- K Western Hat
- Z Other

## TYPE OF PROPERTY
- 1 Animal/Livestk
- 3 Bicycles
- 3 Body Pts/Fluids
- 4 Camera/Photo
- 5 Checks/Banknote
- 6 Collect/Antique
- 7 Const Materials
- 8 Consum Products
- 9 Credit Cards
- A Curr/Coins
- B Drugs/Medical
- C Equipment
- D Furs/Clothing
- E Household Goods
- F Jewel/Prec Metl
- G Major Appliance
- H Music Instrument
- I Off Equip/Mach
- J Personal Belong
- K Small Appliance
- L Sports Equip
- M Stereo/Radio/Tape
- N Sticker/License
- O Television
- Q Tools/Lawn/Garden
- R Toys
- S Veh Accy/Parts
- T Vehicle
- V Weapon/Firearm
- X OTHER

## WEAPON TYPE
- 1 Firearm Automatic
- 3 Firearm Revolver
- 3 Firearm Rifle
- 4 Firearm Shotgun
- 5 Firearm Derringer
- 6 Pellet/BB Rifle
- 7 Pellet/BB Handgun
- 8 Blue Steel
- C Chrome/Stainless
- 9 Bottle
- B Brick/Rock
- 10 Club/Stick/Bat
- 11 Crowbar/Tire Iron
- 12 Hands/Feet
- 13 Knife
- 14 Razor
- 15 Rope/Belt
- 16 Simulated Weap
- 17 Vehicle
- Z Other

**EVIDENCE COLLECTED**
- A Blood/Semen
- B Composite
- C Fingerprints
- D Hair
- E None
- F Other Prints
- G Photos
- H Stains
- I Vehicle
- J Weapon/Tool
- K DRUGS
- Z Other

**BUILD SUSPECT**
- A Fat/Heavy
- B Handicap
- C Medium
- D Muscular
- F Thin
- Z Other

**GLASSES/JEWELRY SUSPECT**
- A Bracelet
- B Earring
- C Necklace
- D Ring
- F Plastic Frame
- G Rimless
- E Ring
- H Sunglasses
- I Tint Lens
- J Watch
- K Wire Frame
- L CONTACT LENS
- Z OTHER

**PHYSICAL CONDITION SUSPECT**
- A Handicapped/Mental/Phy
- B Intoxicated/On Drugs
- C Limps
- M Missing Digits
- Z Other

**USE OF WEAPON SUSPECT**
- A Attempts Use
- B Cuts/Stabs
- C Hits/Strikes
- D Shoots
- E Threatens Use
- F KICK-SHOVES
- G OTHER

**METHOD OF DEPARTURE**
- A Foot & Vehicle
- B In Boat
- C In Bus
- D In Cab
- E In Motor Vehicle
- F On Bicycle
- G On Foot
- H On Moped
- I On Motorcycle
- Z Other

**DEMEANOR OF SUSPECT**
- A Angry
- B Apologetic
- C Calm/Profession
- D Disor/Bewilder
- E Disorganized
- F Feminine
- G High/High
- H Irrational
- I Masculine
- J Nervous
- K Police
- L Violent
- M Well Organized
- Z Other

NUMBER OF ACCOMPLICES APPROX 50

## SOLVABILITY FACTORS
Primary
- Arrest/follow-up needed
- Susp Known/Named or Ident.
- Veh. ID by Lic. or Driver

Secondary
- Susp. Described
- Susp. Familiar
- Sign Evid. to Link Susp.
- Witness to Crime
- Limited Oppor. to Commit
- Property Traceable
- Susp. M.O. Pattern
- Vehicle Described

## INCIDENT DISPOSITION
- 10 Arrest - Adult
- 20 Ex. Clear - Adult
- 30 Arrest - Juvenile
- 40 Ex. Clear - Juvenile
- 60 INACTIVE
- 70 Unfounded

APPROX. 50 PEOPLE WERE INVOLVED IN A DISTURBANCE IN THE 100 BLK OF E NORTH ST. THE LISTED SUSPECTS WERE ARRESTED FOR RIOTING. FAILURE TO DISPERSE AND INTOXICATION. ALL EXCEPT "SMITH AND SHARFIELDS" WERE CHARGED WITH RESISTING ARREST. MR WATKINS WAS ALSO CHARGED WITH CURFEW VIOLATION.

FILING A FALSE REPORT WITH A LAW ENFORCEMENT AGENCY IS A CRIMINAL OFFENSE.
I hereby certify that the information contained in this report is accurate to the best of my knowledge.

I will prosecute _____ Date 6.25.89

I will not prosecute _____ Date _____
☐ Refused signature

**VICTIM/SUSPECT RELATION**
- ☐ Stranger
- ☐ Acquaintance
- ☐ Spouse
- ☐ Ex spouse
- ☐ B/G Friend
- ☐ Neighbor
- ☐ Employee
- ☐ Employer
- ☐ Landlord
- ☐ Relative
- ☐ Other

ASSIGNED FOLLOW-UP
- ☐ YES
- ☐ NO

Page 2 of 2 pages

19 APR 89

CFS RECORD 94-27468

2C-235

CASE NUMBER: 94-27468

| ORIGINAL INCIDENT DATE | OFFICE CONTACTED | ORIGINAL REPORT DATE | VICTIM FIRM |
|---|---|---|---|
| 06-25-94 | 24 DC | 06-25-94 | CITY OF LIMA |

**LIMA CITY OF**
ADDRESS: 117 E. MARKET ST CITY: Lima OH 45801
PHONE: 227-4444

**HUMMER STEPHEN JOSEPH**
SEX: M RACE: W DOB: 09-17-69 AGE: 24 HGT: 603 WGT: 145 HAIR: BLK EYE: BRO
ADDRESS: 3371 EARLY AVE CITY: Lima OH 45801
PHONE: 225-8207 BUS PHONE: UNK OCCUPATION: BASEMENT WATERPRO SSN: 300 76 9380

**SHURELDS DOUGLAS E**
SEX: M RACE: M DOB: 08-14-72 AGE: 21 HGT: 5'7" WGT: 180 HAIR: BLK EYE: BRO
ADDRESS: 1266 KNOLLWOOD DR CITY: Lima OH 45801
PHONE: 228-2128 BUS PHONE: NONE OCCUPATION: NONE SSN: 420 64 0558

**SMITH EARL LAMONT**
SEX: M RACE: M DOB: 02-03-73 AGE: 21 HGT: 5'10" WGT: 168 HAIR: BLK EYE: BRO
ADDRESS: 1741 PATRICIA DR CITY: Lima OH 45801
PHONE: 220-6132 BUS PHONE: NONE OCCUPATION: NONE SSN: 278 70 8411

**WATKINS THOMAS BENJAMIN**
SEX: M RACE: M DOB: 05-02-77 AGE: 17 HGT: 5'8" WGT: 130 HAIR: BLK EYE: BRO
ADDRESS: 134 W. CIRCULAR CITY: Lima OH 45804
PHONE: 227-3519 BUS PHONE: NONE OCCUPATION: NONE SSN: 301 60 0831

**FRANKS NANCY A**
SEX: F DOB: 12-16-53 AGE: 40 HGT: 502 WGT: 120 HAIR: RED EYE: BLU
ADDRESS: 4836 WILLOW CITY: LIMA OH 07
PHONE: 339-1320 OCCUPATION: UNK SSN: 296 56 0530

PAGE 3 OF 3