OPINION
{¶ 1} Defendant-appellant Anthony L. Saxton ("Saxton") brings this appeal from the judgment of the Court of Common Pleas of Marion County dismissing his motion for post-conviction relief without an evidentiary hearing.
 {¶ 2} On March 8, 2000, Saxton was convicted of aggravated murder, aggravated burglary, and aggravated arson. This conviction was affirmed by this court on March 7, 2002. On August 20, 2001, Saxton filed a petition for post-conviction relief alleging ineffective assistance of counsel. The trial court ordered that an evidentiary hearing be held. Due to various scheduling conflicts, the hearing date was changed several times and was finally set for July 1, 2003. On June 25, 2003, the trial court granted a motion for summary judgment filed by the State[1] and ordered the petition for post-conviction relief dismissed without an evidentiary hearing. It is from this judgment that Saxton applies and raises the following assignment of error.
After originally ordering that a hearing be held on [Saxton's]post-conviction petition, the trial court erred in violation ofR.C. 2953.21 by dismissing the action and depriving [Saxton] ofhis right to due process of law and the effective assistance oftrial counsel as guaranteed by the Fifth, Sixth, andFourteenth Amendments to the United States Constitution.
 {¶ 3} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. Lima News (1996), 109 Ohio App.3d 408,672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) that it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court review the case de novo. Franks, supra.
 {¶ 4} In this case, the State claims that Saxton's counsel could not have been ineffective merely because it relied upon the statements of its own expert. However, that is not the claim made by Saxton. Saxton claims his counsel was ineffective because he failed to properly investigate the qualifications of the expert witness before using him. Saxton claims that had counsel properly investigated the expert, counsel would have learned that the expert had been rejected from the forensic academies and was not qualified to testify as to the issues in this trial. The failure to properly investigate a case has recently been determined to be a proper basis for an ineffective assistance of counsel claim.Wiggins v. Smith (2003), ___ U.S. ___, 123 S.Ct. 2527,156 L.Ed.2d 471. In Wiggins, the Supreme Court focused on whether the decision of counsel not to conduct further investigation was reasonable. Id. at 2536. The failure to conduct a reasonable investigation was found to be ineffective assistance of counsel. Id.
 {¶ 5} In this case, counsel for Saxton did hire an expert witness and did present the evidence. Prior to the trial, counsel learned that the expert hired may not be as qualified as originally thought. Counsel decided to continue using the expert because the trial was scheduled to start soon and counsel did not believe he would have any luck obtaining another expert. Dep. 82. Counsel's deposition testimony was that although the presence of detergent in the water was mentioned, the effect of that presence was not explored.[2] Id. at 76. Counsel admitted in his deposition that the issue in question should have been explored more fully. Id. at 56. Counsel also testified that he would have preferred to have the testimony of the second expert because it was much more specific as to the diffusion of the gasoline into the water. Counsel testified that his investigation did not include questioning the chemical interaction of detergent and gasoline, even though that information would have been "very, very beneficial to the defense of Anthony Saxton." Id. at 85. The expert hired by counsel did not address that issue with counsel. Id. Finally, counsel testified that he would not use the expert witness again. Id.
 {¶ 6} In addition to the testimony of trial counsel, the trial court also had the affidavits of the new expert, the affidavit of the State's expert, and the trial testimony of the expert used by Saxton's counsel. The testimony of these experts as to the significance of the findings is in conflict. The affidavit of the new expert claims that the evidence presented at trial is scientifically unsupported. Trial counsel admitted that he did not have his expert fully investigate the issue of gasoline diffusion in water and detergent. The failure to properly investigate potentially exculpatory evidence may be the basis for an ineffective assistance of counsel claim. The fact that counsel did some investigation and presented some evidence is not necessarily sufficient to make counsel's assistance effective. The amount of investigation must be reasonable.Wiggins, supra. The record before this court reveals that the extent of the investigation may not have been reasonable. Thus, the trial court erred in finding no material issue of fact and granting summary judgment in favor of the State. The assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Marion County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
Shaw, P.J., and Cupp, J., concur in judgment only.
[1] Two prior motions to dismiss were overruled. This court notes that the motion for summary judgment was not filed in compliance with the R.C. 2953.21(D) which requires the parties to move for summary judgment within 20 days from the date the issues are determined.
[2] The testimony at trial was that the police found a bathtub full of clothing soaking in water and detergent. The officers testified that the bathroom had a strong odor of gasoline. They removed the items from the tub. Only one or two items were discovered to have gasoline on them. None of the other items or the water had any gasoline detected. This was the only evidence that could be considered to directly connect the defendant with the crime scene since gasoline was the accelerant used to spread the fire. Thus, the testimony concerning the gasoline was crucial to the State's case.