{¶ 1} Plaintiff-appellant Ethan Derenberger and his parents ("the Derenbergers") bring this appeal from the judgment of the Court of Common Pleas of Crawford County granting summary judgment to Defendant-appellee Tammy D. Miller ("Miller").
 {¶ 2} On November 9, 2000, Ethan, then three years of age, was a passenger in a motor vehicle operated by Miller. Ethan's parents had left him in the care of Betty Miller ("Betty"). Betty and Tammy then decided to travel somewhere and placed Ethan in the motor vehicle without placing him in a child's car seat. Miller failed to stop at a stop sign and collided with another vehicle. As a result, Ethan was ejected from the vehicle and pinned under it, suffering serious injuries. In March of 2001, Ethan's parents and Miller reached an agreement where the insurance company would pay the policy limits as a partial settlement of the Derenbergers' claims. A hearing was held in the Wyandot County Probate Court on an application to approve the partial settlement of a minor. The probate court eventually granted the application. On May 2, 2001, a partial release was executed by both parents, as well as by Ethan's mother as guardian. The release specifically limited the release to the negligence for failure to yield the right of way.
 {¶ 3} On October 23, 2002, the Derenbergers filed their complaint against Miller and others alleging negligence on the part of Miller for failing to properly restrain Ethan in the car. On April 14, 2004, Miller filed a motion for summary judgment. The trial court granted summary judgment to Miller on October 15, 2004. The Derenbergers appeal from this judgment and raise the following assignments of error.
The Crawford County Common Pleas Court lacked subject matterjurisdiction over the issue of the settlement of the minor'sclaim which was under the jurisdiction of Probate Court.
 Issues of material fact were demonstrated by the evidencebefore the Court, making summary judgment in error.
 {¶ 4} Both assignments of error raise the question whether the granting of summary judgment was proper. The first questions the basis for the summary judgment as granted by the trial court since it required the trial court to determine the facts underlying a settlement set forth in another court. The second questions whether material issues of fact were raised making summary judgment improper. Since both assignments of error question the summary judgment, they will be addressed simultaneously.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} To establish a prima facie case of negligence, the Derenbergers need to present evidence on each of the following elements: 1) Miller had a duty; 2) Miller breached that duty; 3) Ethan was injured; and 4) that Miller's breach of the duty was the proximate cause of the injury for which recovery is sought. The facts are undisputed. Miller, as operator of the motor vehicle, had a duty to restrain Ethan in an appropriate child restraint seat pursuant to R.C. 4511.81(A). Miller breached this duty by failing to place Ethan into a proper child restraint seat. Ethan suffered injury. Thus, the only question is whether Miller's breach of her duty to properly restrain Ethan is the proximate cause of the injury. This court holds as a matter of law it is not.
 {¶ 7} The proximate cause of the injury was Miller's failure to yield the right of way, which resulted in a collision with another vehicle. Absent this collision, Ethan would have suffered no injury. Thus, the collision is the proximate cause of the injuries. The Derenbergers have already settled their claim for injuries suffered in the collision and released Miller from any further claims. Thus, Miller's negligence in failing to yield cannot be the basis for this claim.
 {¶ 8} The Derenbergers claim that the proximate cause of the injuries was the failure to restrain Ethan, that if he had been properly restrained, he would not have been injured. There is no way of knowing if Ethan would have suffered an injury if he had been properly restrained. Instead what the Derenbergers are attempting to argue is that his injuries were enhanced by not being properly restrained. While this may be accurate, there is no way of actually knowing what that difference would be without speculating as to what might have happened. The failure to properly use a car seat is not admissible to diminish recovery under contributory negligence claim against the child, is not admissible against any other person in a civil case, and is inadmissible in any criminal prosecution except for a criminal prosecution under this statute. R.C. 4511.81(D). Although this court found no case law implementing this portion of the statute, there are several cases implementing a similar provision in the mandatory seat belt statute, R.C. 4513.263. Ohio courts have consistently held that the nonuse of seatbelts is inadmissible in negligence cases to show that damages would have been lesser if the seatbelt had been worn. The damages are the damages regardless of whether a restraint device was used. This reasoning is applicable to the child restraint statute as well. The amount of damages suffered does not change regardless of whether the child was properly restrained. Thus, the claim for enhanced damages for the negligence of failure to restrain cannot be separated from the negligence that caused the accident. Since the Derenbergers cannot establish that the failure to properly restrain Ethan is the proximate cause of the accident, the trial court did not err in granting summary judgment. The assignments of error are overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment Affirmed.
 Cupp, J., concurs in judgment only.
 Shaw, J., concurs in judgment only.