[Cite as *Norcold Inc. v. Gateway Supply Co., Inc.*, 2010-Ohio-4068.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

NORCOLD, INC.,                 CASE NO. 17-08-25

     PLAINTIFF-APPELLANT,
     CROSS-APPELLEE,

     v.

GATEWAY SUPPLY COMPANY,

     DEFENDANT/THIRD-PARTY          O P I N I O N
     PLAINTIFF-APPELLANT,
     CROSS-APPELLEE,

     -and-

DAYCO PRODUCTS, INC.,

     DEFENDANT-APPELLEE,
     CROSS-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 00-CV-56

Judgment Reversed and Cause Remanded

Date of Decision:  August 30, 2010

Case No. 17-08-25

APPEARANCES:

*James E. Wynne,* **for Appellant / Cross-Appellee**

*David P. Pierce,* **for Appellee / Cross-Appellant**

**WILLAMOWSKI, P.J.**

**{¶1}** Plaintiff-appellant Norcold Inc. ("Norcold") brings this appeal from the judgment of the Court of Common Pleas of Shelby County granting summary judgment to third party defendant-appellee Dayco Products, Inc. ("Dayco"). Dayco brings a cross-appeal from that same judgment. For the reasons set forth below, the judgment is reversed and the matter is remanded for further proceedings.

**{¶2}** Norcold produces and sells refrigerators to manufacturers of recreational vehicles and camping trailers. For several years, defendant/third party plaintiff-appellant Gateway Supply Company ("Gateway") distributed pipes, fittings, and valves to Norcold for use in the refrigerators. In 1992, Norcold contacted Gateway to discuss the possibility of combining two pre-existing parts used to power the refrigerators into one part. This combined unit was known as a tap tee and was used to carry flammable liquid propane gas. Gateway then contracted with Dayco to manufacture the tap tee. Dayco then delivered the tap tees to Gateway, who sold them to Norcold pursuant to purchase orders. The

-2-

purchase orders gave Norcold the ability to test each tap prior to final assembly. Norcold tested each tap tee twice before integrating it into the refrigerators.

{¶3} In the summer of 1999, Norcold discovered that the tap tees were potentially hazardous due to stress corrosion cracking. Norcold voluntarily recalled its mobile refrigerator units and allegedly suffered damages in excess of $25,000.

{¶4} On March 17, 2000, Norcold filed suit against Gateway, alleging breach of contract and breach of express and implied warranties. Gateway, on April 19, 2000, filed its answer and a third-party complaint against Dayco alleging that it had manufactured and sold the tap tees to Gateway which were the subject of Norcold's suit. The third-party complaint asserted that Dayco should indemnify Gateway and that Gateway was entitled to damages for breach of contract, breach of express and implied warranties, and unjust enrichment. Dayco filed its answer to the third party complaint on June 29, 2000. On August 16, 2000, Gateway filed a counterclaim against Norcold for breach of contract, payment of an account, and unjust enrichment, all arising from Norcold's receipt of credit for approximately 10,400 tap tees which Norcold returned to Gateway.

{¶5} On October 12, 2000, Norcold amended its complaint, adding Dayco to its breach of express and implied warranty claims. In response, Gateway reasserted its claims against Dayco as cross-claims and its counterclaims against Norcold through its answer on October 19, 2000. Dayco answered the amended

complaint and cross-claim on January 22, 2001, alleging via a cross-claim that it was entitled to indemnification and/or contribution from Gateway in the event it was liable to either Norcold or Gateway, and also filed a counterclaim against Norcold. Gateway answered the cross-claim on February 6, 2001. On February 13, 2001, Norcold filed its answer to Gateway's counterclaim.

{¶6} On February 11, 2002, Dayco sought summary judgment against Norcold and Gateway. Dayco argued that Gateway's claims must fail because the invoices and packaging slips all contained disclaimers of all warranties, except an express warranty that the goods were "free from defects in material and workmanship." Dayco also argued that the invoices and packaging slips limited the available remedies to a refund, or at its option, repair or replacement, provided that Gateway provided Dayco notice of the problems within 120 days of invoice. On that same day, Gateway sought summary judgment against Norcold and Dayco. On May 20, 2002, the trial court entered judgment denying Dayco's motion. The trial court determined that Dayco had expressly warranted the materials and workmanship and that the limited remedy provision failed its essential purpose. In a separate entry, the trial court granted Gateway's motion for summary judgment and dismissed all claims against Gateway. The trial court granted Norcold leave to file a second amended complaint.

{¶7} On July 22, 2002, Norcold filed its second amended complaint asserting breach of contract and breach of implied and express warranties against

Gateway. Norcold also asserted tort claims against Dayco. Gateway and Dayco both filed answers with the same claims previously provided in response to Norcold's first amended complaint. On September 4, 2002, the parties agreed to dismiss all claims asserted by Norcold against Gateway in accordance with the prior grant of summary judgment.

{¶8} On November 15, 2002, Dayco moved for summary judgment on Norcold's tort claim against it. The trial court granted the motion on December 13, 2002, finding that Ohio law does not provide a remedy in tort for a commercial purchaser of a defective product for purely economic loss. Norcold appealed from the granting of summary judgment to Dayco and Gateway on January 13, 2003. No cross-appeal was filed. On August 3, 2003, this court affirmed the trial court's granting of Dayco's summary judgment motion on the tort claim and reversed the granting of Gateway's summary judgment on the contract claims, specifically the express warranty and implied warranty of fitness for a particular purpose claims. *Norcold, Inc. v. Gateway Supply Co, Inc., et al.*, 154 Ohio App.3d 594, 2003-Ohio-4252, 798 N.E.2d 618 (*"Norcold I"*).

{¶9} On October 15, 2004, the parties entered into a stipulation which defined the outstanding claims remaining for determination. Under the stipulation, Norcold had claims against Gateway for breach of express warranty, under R.C. 1302.26, and breach of implied warranty of fitness for a particular purpose under R.C. 1302.28. Gateway maintained a counterclaim against Norcold for an

affirmative recovery for the returned parts. In addition, Gateway claimed that if Dayco manufactured defective tap tees, then Dayco would have breached its contract with Gateway and its express warranties and implied warranties of merchantability and of fitness for a particular purpose. Gateway also claimed unjust enrichment, indemnity, and contribution against Dayco. Dayco had no claims pending against either Norcold or Gateway.

{¶10} In November of 2004, a jury trial was held. The trial court determined at trial that it would follow its May 2002 ruling on Dayco's summary judgment motion on Gateway's claims. In doing so, the trial court excluded any evidence relating to the disclaimer of warranties between Dayco and Gateway. Dayco objected and sought an opportunity to proffer evidence, which was granted. Dayco then filed a written proffer wherein it described its disclaimer and limitation of remedy language as well as other evidence. Dayco also moved for a directed verdict on the same grounds it had argued in its summary judgment motion against Gateway, as well as for lack of evidence of reliance as to both warranties and for lack of proof of an express warranty. The motion was denied.

{¶11} Before closing arguments, the parties entered into a stipulation removing Gateway's counterclaims against Norcold for the returned tap tees and Gateway's cross-claims against Dayco for breach of contract and unjust enrichment from the jury's consideration. Pursuant to the stipulation, if the jury found against Norcold, the trial court would enter a verdict for Gateway against

Norcold for $22,241.02 for the returned tap tees. If the jury returned a verdict for Norcold, then the trial court would enter a verdict against Dayco for the price Gateway paid Dayco for the tap tees. In addition, the stipulation preserved all rights to post-verdict relief and appeal. Gateway then dismissed its indemnification, contribution, and breach of implied warranty of merchantability claims against Dayco.

{¶12} After closing arguments, the trial court instructed the jury to decide the four remaining stipulated claims. The first two claims were Norcold's claims against Gateway for breach of express warranty and implied warranty of fitness for a particular purpose. The other two claims were Gateway's claims against Dayco for breach of express warranty and implied warranty of fitness for a particular purpose. The jury returned a verdict in favor of Norcold on "either or both of its claim(s)" in the amount of $2,366,930 and in favor of Gateway on "either or both of its claim(s)" in the same amount. The trial court then ordered Gateway to pay Norcold $2,366,930 plus interest. Additionally, the trial court ordered Dayco to pay Gateway the same. Gateway was also awarded $18,707.40 for the returned tap tees.

{¶13} Dayco moved for judgment notwithstanding the verdict and for a new trial. Both motions were denied. Dayco then appealed from the judgment and claimed that 1) it was not liable to Gateway so the trial court erred in denying its motion for summary judgment; 2) the trial court erred in excluding the

warranty related evidence; 3) the trial court erred in instructing the jury on the breach of warranty claims; 4) the trial court erred in denying the motion for a directed verdict; 5) the trial court erred in denying the motion for judgment notwithstanding the verdict; and 6) the trial court erred in denying the motion for a new trial. On December 28, 2006, this court held as follows:

> **Based on the foregoing discussion, we find that the trial court in its May 2002 judgment entry properly denied Dayco's summary judgment motion with respect to Gateway's claim that the tap tees violated Dayco's express warranty that the tap tees will be "free from defects in material or workmanship", since there are material issues of fact as to whether the tap tees were free from defects in material or workmanship. Additionally, we find that the trial court erred in denying Dayco's summary judgment motion with respect to any other express warranties given by Dayco to Gateway, since Dayco properly disclaimed all other express warranties in their packaging slips, except that the tap tees would be "free from defects in material or workmanship" under [R.C.] 1302.29(A). Also, we find that the trial court should have granted Dayco's summary judgment motion with respect to Gateway's claim that Dayco violated its implied warranty of fitness for a particular purpose, since Dayco properly disclaimed that warranty under R.C. 1302.29(B). Further, we find that the trial court improperly concluded that Dayco's limited remedy provision failed in its essential purpose, since that is an issue of fact reserved for the trier of fact to determine whether Dayco was unable or unwilling to make repairs to the tap tees in a reasonable time. Also, we remand the issue of limited remedies to the trial court for a determination of exactly which damages are excluded under Dayco's limited remedy provision. Finally, the agreed stipulation between the parties for the returned parts shall remain in effect until further proceedings determine who is liable for the defects in the tap tees.**

*Norcold, Inc. v. Gateway Supply Co., et al.*, 3d Dist. No. 17-05-11, 2006-Ohio-6919, ¶58 ("*Norcold II*"). This court then determined that since the case was being remanded for further findings of fact, the remaining assignments of error were moot and need not be addressed. Id. at ¶60.

**{¶14}** Upon remand, additional discovery occurred between the parties. On August 5, 2008, the trial court granted summary judgment to Dayco and ordered that Dayco pay $3,019.44 to Gateway. Norcold and Dayco both appeal from this judgment. Norcold raises the following assignments of error.

### Norcold's First Assignment of Error

**The trial court erred in granting Dayco's motion for summary judgment on August 5, 2008 because in doing so it engaged in impermissible fact finding. At a minimum a genuine issue of material fact existed with respect to when Dayco received notice of a defect, and if notice of defect was truly an issue before the trial court on remand it should have been decided by the jury and not by the judge on summary judgment.**

### Norcold's Second Assignment of Error

**The trial court erred in denying Norcold's cross motion for summary judgment since Dayco's limited remedy failed of its essential purpose as a matter of law under the facts admitted by Dayco.**

### Norcold's Third Assignment of Error

**The trial court erred in even considering Dayco's defenses based on notice or lack of notice as Dayco waived the notice issue at the underlying jury trial and was foreclosed from raising the issue on remand.**

**Norcold's Fourth Assignment of Error**

> **The trial court erred in failing to determine that the 120 day term in Dayco's limited remedy was "manifestly unreasonable" as a matter of law and, therefore, unenforceable under R.C. 1301.01 because the defects alleged in the tap tees were latent and not capable of detection within the 120 day limitation period.**

On cross-appeal, Dayco raises the following assignment of error.

> **The trial court erred by limiting the scope of proceedings on remand to damages and the limitation of remedies provisions accompanying Dayco's express warranty when the remand was for further proceedings on issues of both liability and damages.**

In the interest of clarity, the assignments of error will be addressed out of order.

{¶15} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. The Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks,* supra.

{¶16} Dayco's cross-appeal raises the question of what issues were remanded to the trial court. Dayco argues that this court's prior opinion sent the entire matter, including the issue of liability, back to the trial court for a new trial. In *Norcold II*, this court held that the trial court erred in denying summary judgment on the issue of a warranty of fitness for a particular purpose. However, the court determined that Dayco did have a limited express warranty covering defects in material and workmanship. This court noted that Dayco had not been permitted to argue the warranty limitations at trial. Additionally, this court noted that the question of whether the limited warranty failed in its essential purpose was a question of fact to be determined by the jury, not a question of law. This court also remanded the issue of the limited remedies to the trial court to determine which damages, if any, should have been excluded. Finally, this court held that "the agreed stipulation between the parties for the returned parts shall remain in effect until further proceedings determine who is liable for the defects in the tap tees." *Norcold II*, at ¶58. Thus, the trial court erred in finding that there was no issue of liability when the remand specifically stated that liability was an issue to be addressed. Dayco's assignment of error on its cross-appeal is sustained.

{¶17} In Norcold's first assignment of error, it argues that the trial court erred in granting summary judgment to Dayco on the issue of notice. Norcold alleges that it provided notice to Gateway who provided notice to Dayco of

problems with the tap tees as early as 1996. In support of this allegation, it provided copies of various documents, including letters, returned goods memos, faxes, indicated that the tap tees were cracking and that there was a potentially serious problem. Dayco denies that it had any notice until 1999. These documents do raise a question of fact as to when Dayco had notice of problems with the tap tees. Thus, Norcold's first assignment of error is sustained.

{¶18} Norcold's second assignment of error alleges that the trial court erred by denying its motion for summary judgment as to whether Dayco's limited remedy failed of its essential purpose as a matter of law. During discovery, Dayco admitted that it did not offer any remedy for repair or replacement of the tap tees determined in the prior trial to be defective. Instead, Dayco offered to give a credit to Gateway for the tap tees returned in exchange for offsetting orders equal to twice the value of the return spread out over a four month period. March 23, 2000 Fax. The other option was a credit equal to 60% of the purchase price with an offsetting order required. When this offer was declined, Dayco presented a second offer of a $15,000 credit to Dayco's account to be held in escrow for six months pending resolution of the matter. If the matter was not resolved in six months, as it was not, they would meet again to discuss options. March 31, 2000 Fax. Both options required the return of all tap tees in stock. Dayco admitted in its answer to the interrogatories that it had not offered to either repair or replace the tap tees. March 21, 2008 Interrogatories. However, some remedy was

offered. Whether the remedy offered caused the warranty to fail in its essential purpose is a question of fact to be determined at trial. *Norcold II*, at ¶58. Thus, Norcold's second assignment of error is overruled.

**{¶19}** In its third assignment of error, Norcold claims that the trial court erred in considering Dayco's defenses based on notice or lack of notice as Dayco waived the notice issue at the prior trial by not raising it. However, the prior trial was reversed and a new trial was ordered. *Norcold II*. Thus, the parties are free to proceed as if that trial did not occur. Norcold's third assignment of error is overruled.

**{¶20}** Norcold's fourth assignment of error alleges that the trial court erred in failing to determine that the 120 day term of the limited remedy was manifestly unreasonable. The materials in question here are alleged to contain latent defects that were not discoverable within the 120 day term. Thus, Norcold argues that the 120 day limit was manifestly unreasonable. This determination is one of fact that must be proven at trial. Therefore, the trial court did not err in not making this finding of fact on summary judgment. The fourth assignment of error is overruled.

**{¶21}** A review of the record indicates that there are genuine issues of material fact as to liability, damages, notice, the effect of the warranty, the effectiveness of the remedy, and the reasonableness of the warranty. Therefore, the trial court erred in granting summary judgment on these issues as the

questions of material fact must be determined by the trier of fact, i.e. the jury.  For this reason, the judgment of the Court of Common Pleas of Shelby County is reversed and the matter is remanded for further proceedings.

**_Judgment Reversed and Cause Remanded_**

**SHAW and PRESTON, J.J., concur.**

**/jnc**