[Cite as *Hubble v. Haviland Plastics Prods. Co.*, 2010-Ohio-6379.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

**BENJAMIN HUBBLE,**

    **PLAINTIFF-APPELLANT,**           **CASE NO. 11-10-07**

    **v.**

**HAVILAND PLASTIC PRODUCTS,**
**CO., ET AL.,**               **O P I N I O N**

    **DEFENDANTS-APPELLEES.**


**Appeal from Paulding County Common Pleas Court**
**Trial Court No. CI-06-228**

**Judgment Affirmed**

**Date of Decision:   December 27, 2010**


**APPEARANCES:**

    *Charles V. Contrada*  for Appellant

    *J. Allen Smith*  for Appellees

Case No. 11-10-07

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Benjamin Hubble ("Hubble") brings this appeal from the judgment of the Court of Common Pleas of Paulding County granting summary judgment to defendants-appellees Modern Plastics Recovery, Inc. ("MPR") and Drainage Products, Inc. ("DPI"). For the reasons set forth below, the judgment is affirmed.

{¶2} MPR is a plastics company that recycles used plastic. It has a warehouse in Haviland, Ohio where bales of plastic are stored. Due to contents of the bales, each bale varies in size from three to five feet in all directions and weighs between 1,000 and 2,000 pounds. On May 23, 2006, Hubble was working for MPR in the warehouse where the bales were stacked six high in places. While in the course of his employment sweeping the aisle between bales, a bale fell and struck Hubble. Hubble was seriously injured and is now a paraplegic as a result of the injury. On September 7, 2006, Hubble filed a complaint against Haviland Plastics, Inc. ("Haviland") and MPR alleging an employer intentional tort claim. Haviland and MPR filed motions for summary judgment on September 21, 2007. Hubble filed its response to the motion on November 13, 2007.

{¶3} On November 15, 2007, Hubble filed an amended complaint against MPR and DPI again alleging a claim for employer intentional tort as well as a claim for negligence. The amended complaint essentially substituted DPI in place

of Haviland. MPR and DPI filed an answer to the amended complaint on November 29, 2007. On March 3, 2008, the parties stipulated that DPI would replace Haviland in the pending motion for summary judgment. The parties also stipulated that the motion for summary judgment did not include the claims of negligence. On June 23, 2008, the trial court overruled the motion for summary judgment.

{¶4} On May 10, 2010, DPI and MPR filed a supplemental motion for summary judgment claiming a change in the law. Hubble filed its memorandum in opposition to defendant's motion on June 3, 2010. On July 12, 2010, the trial court granted the motion for summary judgment. Hubble appeals from this judgment and raises the following assignment of error.

> **The trial court erred in granting judgment as a matter of law to defendants, because reasonable minds could differ as to whether defendants had injurious intent, so that the matter should have been submitted to a jury.**

{¶5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. The Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the

evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks,* supra.

{¶6} The facts in this case are not disputed. MPR's business is cleaning, sorting, and grinding recycled plastic for resale. Before the processing of the plastic, it is stored in bales in a warehouse. Each plastic bale was approximately four feet high by four feet wide, though the dimensions varied. Each bale weighed between 1,000 and 2,000 pounds. The bales were stacked up to six high in the warehouse. No flats were used to separate the bales. Additionally, the bales were held together by wires, and occasionally pieces of plastic would slip from the bales to the floor. At the end of each shift, employees were required to sweep the floor in the warehouse area.

{¶7} Hubble was employed by MPR. On May 23, 2006, Hubble was alone in the warehouse sweeping the floor. He had his back to the bales of plastic when one of the bales fell from a stack and struck him. Hubble was pinned to the floor for a length of time and suffered severe permanent injuries. On occasions prior to Hubble's injury, agents of MPR had seen bales of the plastic fall to the floor without any outside force and knew that it was a dangerous condition. In addition, OSHA had previously cited MPR for failing to properly stack cardboard

and informed MPR that all bundles needed to be stacked in a manner that would make them stable and secure against sliding or collapse. After Hubble's accident, MPR was again cited by OSHA for failing to properly stack materials.

{¶8} Since the facts are not in question, the only issue before the court is an interpretation of the appropriate statute. R.C. 2745.01 sets forth a cause of action for employer intentional torts.

> **(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.**
>
> **(B) As used in this section "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.**

R.C. 2745.01. This statute was found constitutional by the Ohio Supreme Court in *Kaminski v. Metal & Wire Products Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066. In K*aminski*, the Supreme Court held that under the common law, the employee only had to show that injuries were substantially certain to result from an employer's reckless behavior in order to prove an employer intentional tort. Id. at ¶32 (citing *Fyffe v. Jeno's Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108). However, on April 7, 2005, a new statutory standard went into effect. Id. at 33. The Supreme Court found that the new statute is constitutional,

thus, the new test to be applied is the statutory definitions, not the common law ones. Id. at ¶103. The Supreme Court then went on to find that since the injured employee did not provide any evidence that her "employer acted with deliberate intent to cause her to suffer an injury," she did not meet the requirements of R.C. 2745.01 and could not recover for an employer intentional tort. Id. at ¶104.

{¶9} A review of the facts in this case clearly indicate that the employer acted with reckless disregard for the safety of its employees when it was aware of the danger of the falling bales and took no action to correct the situation. However, reckless disregard does not reach the statutory requirement of "deliberate intent to cause an employee to suffer an injury, a disease, a condition or death." R.C. 2745.01. Without evidence that MPR intended for someone such as Hubble to be injured, he does not meet the current statutory requirements to recover for an employer's intentional tort. The trial court did not err in granting summary judgment and the assignment of error is overruled.

{¶10} The judgment of the Court of Common Pleas of Paulding County is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**