OPINION
{¶ 1} Plaintiff-appellant Angela L. Fuerst, Administratrix ("Fuerst") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee Carmon Ford, Administrator ("Ford").
 {¶ 2} On December 24, 2001, emergency personnel were summoned to the home of Donna Dirr ("Dirr"). The bodies of Dirr and Kevin Fuerst ("Kevin") were found at the location. An investigation into the deaths were conducted and it was determined that Dirr and Kevin died from carbon monoxide poisoning when a vehicle was left running in the garage. The deaths were estimated to have occurred on December 22, 2001. No witnesses survived. The matter was referred to the Allen County Coroner's Office for further investigation. Following the investigation, the coroner ruled that the manner of Kevin's death was accidental and the manner of Dirr's death was undetermined. A second, independent investigation was conducted by the Lucas County Coroner's Office and identical conclusions were reached.
 {¶ 3} On July 10, 2002, Fuerst, on behalf of Kevin's estate, filed a wrongful death claim against the estate of Dirr, of which Ford was the administrator. Fuerst claimed that Dirr was attempting to commit suicide and negligently caused the death of Kevin in the process. Ford filed an answer on September 4, 2002. On April 3, 2003, Ford filed a motion for summary judgment. Fuerst filed a response to the motion for summary judgment on July 10, 2003. On October 17, 2003, the trial court granted summary judgment to Ford. It is from this judgment that Fuerst appeals and raises the following assignment of error.
The trial court erred when it found that [Fuerst] could notprevail in a wrongful death action, when two people were founddead in a closed home and [Fuerst] presented competent credibleevidence, which if believed, would prove that one of the deadpersons in committing suicide also negligently caused the deathof the other person.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. Lima News (1996), 109 Ohio App.3d 408,672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} In this case, Fuerst's whole premise of liability is that Dirr was committing suicide and accidentally killed Kevin in the process. Fuerst is thus required to put forth some evidence that Dirr committed suicide. The evidence supplied by Fuerst is as follows: (1) Dirr was found dead in the garage, so could be presumed to be the one who started the car; (2) Dirr was not communicating with her coworkers; (3) Dirr did not interact with people at a party for one of her coworkers; (4) several years before her death, Dirr sought counseling for her alcohol problems; and (5) a statement by Dirr's daughter that she seemed depressed. None of this evidence however, indicates that Dirr was attempting to commit suicide.
 {¶ 6} The coroner ruled that Dirr's death was indeterminate. The coroner could have ruled that the death was accidental, homicide, or a suicide. Unfortunately, not enough evidence existed for the coroner to be able to make that decision. As a matter of law, the manner of death delivered by the coroner is the legally accepted manner absent a hearing protesting the ruling. R.C. 313.19 The coroner's factual determinations concerning the manner of the decedent's death, create a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary. Vargov. Travelers Ins. Co. (1987), 34 Ohio St.3d 27, 516 N.E.2d 226. Any challenges to the ruling must be made in the common pleas court. Perez v. Cleveland (1997), 78 Ohio St.3d 376,678 N.E.2d 537. No challenge was brought to the coroner's findings that the manner of death was indeterminate.
 {¶ 7} Fuerst claims that the evidence presented is competent, credible evidence to the contrary. However, to reach the conclusions set forth by Fuerst, one must make several inferences based upon other inferences. Although one may make several inferences from a piece of evidence, one may not make inferences upon inferences to reach a conclusion. The evidence presented by Fuerst is not evidence, but rather hearsay, speculation and rumors based upon hindsight. Dirr may have been having trouble at work because she did not like her job or her coworkers rather than being depressed. It is also possible that she did start the car with the intent of leaving, which would explain why the seat was moved up into a driving position, and got out of the car for some reason and, in her intoxicated state, merely passed out. This would then be an accidental death, rather than a suicide. Unfortunately, there are numerous possible scenarios of how Dirr's death occurred and the true one will never be known. The fact that there are numerous possible explanations for the manner of Dirr's death supports the coroner's conclusion that the manner of death is indeterminate. Since the coroner's ruling is the accepted fact, no reasonable finder of fact could determine that Dirr committed suicide in contradiction of that ruling. The trial court thus did not err by granting summary judgment to Ford.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.