ZELTNER, Appellant,

v.

The UNIVERSITY OF NORTHWESTERN OHIO, Appellee.

</div>

[Cite as *Zeltner v. Univ. of Northwestern Ohio*, 159 Ohio App.3d 310, 2004-Ohio-6496.]

<div align="center">

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–04–41.

Decided Dec. 6, 2004.

</div>

Catherine H. Killan and R. Michael Frank, for appellant.

Theodore M. Rowen and Anastasia K. Hanson, for appellee.

THOMAS F. BRYANT, Judge.

{¶ 1} Plaintiff-appellant Jamilee Zeltner brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendant-appellee the University of Northwestern Ohio ("UNO"). Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶ 2} On January 7, 2002, Zeltner was fired by UNO. Zeltner filed a complaint alleging wrongful termination on January 3, 2003. The complaint was filed in Lucas County and was subsequently transferred to Allen County on February 25, 2003. On March 1, 2004, UNO filed a motion for summary judgment. Zeltner filed a brief in opposition on March 31, 2004, and UNO filed a reply on April 9, 2004. On May 25, 2004, the trial court granted the motion for summary judgment. Zeltner appeals from this judgment and raises the following assignments of error.

> The trial court erred in granting [UNO's] motion for summary judgment on the ground that the promises made to [Zeltner] were not, as a matter of law, promises that could support a claim of promissory estoppel.

> The trial court erred by granting [UNO's] motion for summary judgment on the ground that [Zeltner's] actions in response to the promises made to her were not the sole ground for her termination.

{¶ 3} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks,* supra.

{¶ 4} Zeltner claims that the trial court erred by finding as a matter of law that the doctrine of promissory estoppel cannot apply in this case. Viewing the facts in a light most positive to Zeltner, as this court must do when reviewing a motion for summary judgment, the facts are as follows. The relationship between Zeltner and Cheryl Mueller, Zeltner's supervisor, was mutually antipathetic. Zeltner discussed the matter with the director of human resources, Geri Morris, following the procedure outlined in the employee manual. Morris advised Zeltner to take her complaint to the department head, university

president Jeff Jarvis. Zeltner was reluctant to speak to Jarvis about the subject because she feared the reaction of Mueller. Eventually Zeltner and Morris together went to Jarvis for his advice. At the June meeting with Zeltner and Morris, Jarvis told them that he had an open-door policy and assured them that they would not lose their jobs for coming to him.

{¶ 5} The conflict between Zeltner and Mueller continued. The two had a meeting on December 20, 2001, and Mueller learned that Zeltner had taken her complaints to Jarvis. Mueller was displeased with Zeltner's having spoken to Jarvis and placed Zeltner on probation for 90 days beginning January 2, 2002. The basis for the disciplinary action was Mueller's claim that Zeltner was not working within the organizational structure by going to talk to Mueller's superior about her. When given the notice, Zeltner refused to sign the lengthy document until she had an opportunity to review it. Nevertheless, Zeltner took the document with her and prepared a written response, as requested by the notice, to each allegation in the notice. On January 4, 2002, Zeltner took her response to Jarvis, believing that she was entitled to do so. At that meeting, Zeltner claims that she told Jarvis that the warning notice was the result of her conversation with Mueller on December 20, 2001. Zeltner states in her affidavit that Jarvis told her that no one would be fired over this and advised her to get a copy of her response to Mueller that day. Jarvis allegedly told Zeltner that the three of them would discuss the entire situation after Mueller had received a copy of the response. Zeltner then placed a copy of the response in Mueller's campus mailbox.

{¶ 6} When Mueller got the response to the warning notice, she reacted by responding in writing to each of Zeltner's allegations and taking it to Jarvis, who, in turn, spoke with the chancellor, Lauren Jarvis, and a decision was made to terminate Zeltner. On January 7, 2002, Zeltner was notified that she was terminated. The basis for the termination stated at the exit interview was that Zeltner had not followed proper procedure by coming to Jarvis instead of speaking directly with Mueller. Subsequently, Jarvis, in his affidavit, claimed that Zeltner was terminated for placing the responses in Mueller's mailbox rather than hand-delivering it to her as he had instructed. Zeltner denied ever having been instructed to personally deliver the response to Mueller.

{¶ 7} Zeltner claims that the doctrine of promissory estoppel prevents her termination.

> Under the doctrine of promissory estoppel, an employer may be prevented from discharging an employee if the employer has made promises upon which an employee has reasonably relied. * * * The test is whether the employer should have reasonably expected its representation to be relied upon by its employee, and, if so, whether the expected action or forbearance actually

resulted and was detrimental to the employee. * * * The statement must be a specific promise of continued employment.

*Dolan v. St. Mary's Mem. Home.*, 153 Ohio App.3d 441, 2003-Ohio-3383, 794 N.E.2d 716, at ¶ 26. In that case, the plaintiff was promised that she would not be terminated for speaking out at a meeting concerning the investigation into patient abuse. The plaintiff was subsequently terminated and filed a wrongful-termination suit. The trial court granted summary judgment to the hospital on the grounds that the promise was not specific enough to induce reliance. The appellate court reversed, finding that a reasonable jury could find that the promise not to terminate someone for taking specific conduct could be specific enough to induce reliance and thus a genuine issue of material fact precluded summary judgment.

{¶ 8} In this case, Zeltner claims that Jarvis instructed her to give to Mueller a copy of her response to the warning notice and that she would not lose her job for doing so. She stated that she would not have given Mueller a copy of the response absent that promise, so by giving the copy to Mueller, she was relying on that promise. Zeltner claims that contrary to that promise, she was terminated for taking the very action she had been told to take and had been told would not result in her termination. Thus, Zeltner claims that the doctrine of promissory estoppel prevents her termination.

{¶ 9} A review of the facts shows that the only events that occurred between the 90–day notice of probation on January 2, 2002, and Zeltner's termination on January 7, 2002, are that she took her response to the notice to Jarvis and gave a copy of it to Mueller pursuant to Jarvis's instructions. Viewing the facts in a light most favorable to Zeltner, a reasonable juror could conclude that Jarvis specifically promised Zeltner that she would not be terminated for following his instructions, including giving Mueller a copy of the response to her warning. That jury could also conclude that Zeltner reasonably relied upon that promise and suffered detriment when she was terminated for doing that very act. Thus there are issues of material fact present that preclude summary judgment. The first assignment of error is sustained.

{¶ 10} In the second assignment of error, Zeltner claims that the trial court erred by determining that her actions in response to the alleged promises were not the sole reason for her termination. Zeltner alleged that the reasons stated for her termination by UNO were given just to cover up the real reason she was terminated. Based upon the timing of the events, a reasonable person could conclude she was terminated solely for her response to the probationary statement. Thus, it is a genuine issue of material fact for trial. The second assignment of error is sustained.

{¶ 11} The judgment of the Court of Common Pleas of Allen County is reversed, and the cause is remanded for further proceedings.

<div align="right">

Judgment reversed
and cause remanded.

</div>

SHAW, P.J., and GLASSER, J., concur.

GLASSER, J., of the Sixth Appellate District, sitting by assignment in the Third Appellate District.