OPINION
{¶ 1} Defendant-appellant Clark, Shaefer, Hackett Co. ("CSH") brings this appeal from the judgment of the Court of Common Pleas of Paulding County granting summary judgment to plaintiff-appellee Paulding County Hospital ("PCH").
 {¶ 2} In 1998, CSH was awarded the contract to audit PCH for the years of 1998, 1999, 2000, 2001, and 2002. CSH was to determine whether PCH's financial statements were free of material misstatement. During this time, PCH had deposits at Oakwood Deposit Bank ("Oakwood") in the form of certificates of deposit. Under R.C. 135.37, Oakwood was required to pledge collateral securing these deposits.
 {¶ 3} During the 2000 audit of PCH, Oakwood confirmed to CSH that PCH had four certificates of deposit with an aggregate value in excess of $1,900,000.00. Confirmation of the collateral was sought, but not received. Oakwood had completed the memorandum of agreement expressly stipulating that the deposits would be adequately collateralized, which was on file at PCH. This memorandum was valid between March 11, 1999, and March 11, 2001, and was in effect at the end of the 2000 fiscal year which was the subject of the audit. Based upon this memorandum, CSH concluded that the deposits were adequately collateralized.
 {¶ 4} In February 2002, widespread fraud was found to have occurred at Oakwood. At that time, authorities determined that PCH's certificates of deposit were not properly collateralized. On November 4, 2002, PCH filed a complaint against CSH alleging 1) negligence; 2) breach of contract; and 3) professional misrepresentation. CSH filed its answer and counterclaim for breach of contract on December 2, 2002. On January 30, 2004, both CSH and PCH filed motions for summary judgment. Both parties attached affidavits of interested parties. The trial court granted a final summary judgment to PCH on March 21, 2005. CSH appeals from this judgment and raises the following assignments of error.
The trial court erred in granting summary judgment in favor ofPaulding Hospital.
 The trial court erred in not granting summary judgment in favor ofCSH.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 6} In the first assignment of error, CSH claims that the trial court erred in granting summary judgment to PCH. PCH moved for summary judgment on the grounds that CSH breached its contract and that CSH had misrepresented the facts to PCH. These claims were based upon the fact that CSH had failed to receive written confirmation from Oakwood that the certificates of deposit were secured by collateral. PCH claims that the breach can be found in the technical proposal, which stated as follows:
Obtain evidence regarding the existence and ownership of investmentsand information about any liens, pledges or other security interests byobtaining written confirmation directly from the holder of [PCH's]year-end investments and transactions in the [PCH's] account during theyear. If required, physical inspection of securities.
TP, 22. The undisputed fact is that Oakwood did not respond to the request for confirmation of the securities that provided collateral for the certificates of deposit. However, Oakwood had signed the memorandum of agreement that was effective from March 11, 1999, until March 11, 2001. This memorandum did list the securities and their values that provided the collateral for the certificates of deposit. The audit period in question in this case ended on December 31, 2000. Thus, the memorandum would have still been effective as of that date. Whether approval of this memorandum is sufficient to satisfy the standard of care for an audit under the contract is a question of fact.
 {¶ 7} Next, PCH claims that CSH committed negligent misrepresentation by not revealing that Oakwood had not returned written confirmation. PCH submitted the testimony of its expert that this conduct violated the standard of care. CSH, on the other hand submitted testimony of an expert that the conduct was not negligent. Given the disparate expert opinions, a genuine issue of material fact exists. Thus, the trial court erred by granting summary judgment to PCH. The first assignment of error is sustained.
 {¶ 8} CSH also claims that the trial court erred by not granting summary judgment to CSH. In its motion for summary judgment, CSH claimed that it was not negligent and that PCH had not proven that CSH was the proximate cause of the damages. The question of whether CSH violated the standard of care is one of fact discussed above. The question of proximate cause depends upon whether the trier of fact finds that the alleged breach contributed to the damages. Thus, it too is a question of fact for a jury to resolve. The second assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas of Paulding County is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment affirmed in part and reversed in part and cause remanded.
 CUPP, P.J., and SHAW, J., concur.