{¶ 26} In this case, the majority is reversing the trial court's decision because there is no evidence directly tying the threatening letters Appellee received and the vandalism done to her car and outside her home to Appellants. I must respectfully disagree. Although there is no direct evidence tying Appellants to the letters or acts of vandalism, it is reasonable to infer, based on the circumstantial evidence in this case, that Appellants were responsible for these acts. Given our standard of review, we should affirm the trial court's decision.
 {¶ 27} Appellee's husband testified that Appellants had been harassing him about his wife for years. The sentiments in the letters were the same as the sentiments which had been expressed verbally and the letters came from "your loving family." Furthermore, the vandalism to Appellee's home and car occurred the same day that Appellants were served with the paperwork seeking a CSPO.
 {¶ 28} The majority believes that it is too "tenuous" to infer that Appellants sent the letters and committed the vandalism; that such a conclusion stacks inference upon inference. However, I do not see how it is improper to infer that Appellants were responsible for either of these events.
 {¶ 29} The Ohio Supreme Court has held that a fact-finder may base a reasonable inference based in part upon another inference and in part upon additional facts. Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, paragraph two of the syllabus. Such an inference is called a "parallel inference." Nageotte v. Cafaro Co., 160 Ohio App.3d 702,2005-Ohio-2098, at ¶ 40. Parellel *Page 12 
inferences "are an essential element of the deductive reasoning process by which most successful claims are proven." Donaldson v. N. TradingCo. (1992), 82 Ohio App.3d 476, 481. Thus, there is not a general rule prohibiting the stacking of inferences. Instead, courts only prohibit fact-finders from stacking an inference upon an inference in the absence of any additional fact or another inference from other facts. State v.Cowans (1999), 87 Ohio St.3d 68, 78.
 {¶ 30} In this case, we are asked to infer that Appellants sent Appellee the threatening letters. However, we do not have to improperly stack inference upon inference to draw this conclusion. Appellee presented testimony on the types of statements which Appellants had made to her and her family. The statements in the letters expressed the same kinds of sentiments. It is not a stretch to conclude that Appellants sent those letters to Appellee.
 {¶ 31} Likewise, it is reasonable to infer that Appellants caused the vandalism. That vandalism occurred on the day that Appellants were served with the papers in this case after they were served with those papers.
 {¶ 32} The standard of proof in order to get a CSPO is merely proof by a preponderance of the evidence, not beyond a reasonable doubt.Olenik v. Huff, 5th Dist. No. 02-COA-058, 2005-Ohio-4621; Tuuri v.Snyder, 11th Dist. No. 2000-G-2325, 2002-Ohio-2107; Lindsay v.Jackson (Sept. 8, 2000), 1st Dist. Nos. C-990786, A-9905306. The majority insists that the Appellee introduce more evidence than is necessary to meet that burden of proof. The trial court's decision in this case should be affirmed. *Page 1