OPINION
{¶ 1} Plaintiff-appellant Greg Pontsler[1] ("Pontsler") brings this appeal from the judgment of the Court of Common Pleas of Mercer County granting summary judgment to Defendant-appellee Kiefer Family Investments LC ("Kiefer").
 {¶ 2} On March 9, 2002, Pontsler was a passenger in a truck on U.S. 33. Brent Lehman ("Lehman") was pulling a livestock trailer in the opposite direction on U.S. 33. On this day, there were high winds, gusting between approximately 40 and 70 miles per hour. During one such gust, the trailer was blown into Pontsler's lane of traffic and the truck in which he was riding struck the trailer. As a result of the accident, Pontsler was left a quadripelegic.
 {¶ 3} On March 4, 2004, Pontsler filed a complaint against Kiefer alleging that (1) the trailer, when hauled empty, was more dangerous than an ordinary user would expect; (2) the risks of the design outweighed the benefits inherent in such design; (3) the trailer was not fit for its intended purpose and use; and (4) Kiefer failed to warn users of the inherent dangers of the trailer.[2] Kiefer filed its answer on April 8, 2004. On June 15, 2005, Kiefer filed its motion for summary judgment. Pontsler filed his response on September 7, 2005. The trial court granted the motion for summary judgment on February 1, 2006. Pontsler appeals from this judgment and raises the following assignment of error.
The court erred in granting summary judgment to [Kiefer] basedon an affidavit from [Kiefer's] expert who based his opinion onfacts taken from the internet.
 {¶ 4} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v.Ferreri (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 5} Pontsler's sole assignment of error is that the trial court erred in granting summary judgment to Kiefer. Pontsler's claims are based upon alleged product design flaws and a failure to warn of the dangers of the product.
(A) [A] product is defective in design or formulation if, atthe time it left the control of its manufacturer, the foreseeablerisks associated with its design or formulation as determinedpursuant to division (B) of this section exceeded the benefitsassociated with that design or formulation as determined pursuantto division (C) of this section.
* * *
(E) A product is not defective in design or formulation if theharm for which the claimant seeks to recover compensatory damageswas caused by an inherent characteristic of the product which isa generic aspect of the product that cannot be eliminated withoutsubstantially compromising the product's usefulness ordesirability and which is recognized by the ordinary person withthe ordinary knowledge common to the community.
R.C. 2307.75
 (A) [A] product is defective due to inadequate warning orinstruction if either of the following applies.
 (1) It is defective due to inadequate warning or instructionat the time of marketing if, when it left the control of itsmanufacturer, both of the following applied:
 (a) The manufacturer knew or, in the exercise of reasonablecare, should have known about a risk that is associated with theproduct and that allegedly caused harm for which the claimantseeks to recover compensatory damages;
 (b) The manufacturer failed to provide the warning orinstruction that a manufacturer exercising reasonable care wouldhave provided concerning that risk, in light of the likelihoodthat the product would cause harm of the type for which theclaimant seeks to recover compensatory damages and in light ofthe likely seriousness of that harm.
 (2) It is defective due to inadequate post-marketing warningor instruction if, at a relevant time after it left the controlof its manufacturer, both of the following applied:
 (a) the manufacturer knew or, in the exercise of reasonablecare, should have known about a risk that is associated with theproduct and that allegedly caused harm for which the claimantseeks to recover compensatory damages;
 (b) the manufacturer failed to provide the post-marketingwarning or instruction that a manufacturer exercising reasonablecare would have provided concerning that risk, in light of thelikelihood that the product would cause harm of the type forwhich the claimant seeks to recover compensatory damages and inlight of the seriousness of that harm.
 (B) A product is not defective due to lack of warning orinstruction or inadequate warning or instruction as a result ofthe failure of its manufacturer to warn or instruct about an openand obvious risk or a risk that is a matter of common knowledge.
R.C. 2307.76.
 {¶ 6} In this case, Pontsler provided testimony of one expert concerning the dangers of the trailer. The expert presented no evidence that the trailer was overly dangerous, defective in its design, or not suitable for its normal purpose. Instead, the expert focused on the lack of warnings of the danger of hauling the trailer in high winds. The expert stated that in his opinion, the average consumer would not be aware of the potential dangers of wind and that warnings should have been placed on the trailer. However, no basis for this opinion was stated. Additionally, Pontsler is not a consumer, user, or operator of the trailer and would not have known of the warning even if it had been posted. Since no evidence was presented about potential defects in the design or manufacture of the trailer, the first three causes of action stated in the complaint have no evidence to support them. Thus, the trial court did not err in granting summary judgment on those issues.
 {¶ 7} The only issue then left to be resolved is whether the trial court erred in granting summary judgment on the claim of failure to present warning labels. This claim is covered by R.C.2307.76. Although the failure to warn of potential dangers can be the basis for recovery, the statute specifically denies claims for open and obvious dangers. In this case, Lehman testified that he knew of the dangers of driving the trailer in high winds. Lehman Dep., 17 and 46. He also testified that he had extensive experience hauling the trailer when it was empty. Id. at 39. Lehman testified that he had previously driven the empty trailer in high winds. Id. at 40. Lehman added additional testimony that although he knew the dangers of pulling the trailer in high winds, he still did his job.
Q: Would you today pull that trailer in a 47-mile-an-hourcross wind?
 Mr. Utrecht: Object. Go ahead.
 A: If I have to be somewhere, yes.
 Q: What would be the mission or the purpose of the trip thatwould make you take that trailer out in a 47-mile-an-hour crosswind?
 Mr. Utrecht: Object. You may answer.
 A: Well, we work every day in high winds, I mean, when it'swindy. If we have a job to do, we just do it. I suppose if Ithought it was too windy, I would pull over.
Id. at 48. The dangers of the wind were fully known by the consumer even without the warning. The average driver knows that high cross winds have an effect on a vehicle. Thus, the danger of hauling an empty trailer in high winds is a matter of common knowledge and was known specifically in this case. Additionally, any potential warnings would not have made a difference. Lehman stated that he knew of the potential dangers and still hauled the trailer. Lehman's failure to control the trailer was the actual cause of the accident. Viewing this evidence in a light most favorable to Pontsler, the warning, if present would not have prevented the injury to Pontsler. Syler v. Signode Corp.
(1992), 76 Ohio App.3d 250, 601 N.E.2d 225. Therefore, reasonable minds could only come to one conclusion on the issue of the inadequate warning and that conclusion is adverse to Pontsler. The trial court did not err by granting summary judgment on the issue of an inadequate warning. The assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Mercer County is affirmed.
Judgment affirmed.
 Rogers and Cupp, JJ., concur.
[1] Jami and Cain Pontsler were plaintiffs with derivative claims, but neither were included in the notice of appeal.
[2] Kiefer Built, Inc. was also named as a defendant. However, this party was voluntarily dismissed with prejudice on September 15, 2004.