S. COHN & SON CO., INC., Appellee,

v.

KINSTLE, Appellant, et al.

[Cite as *S. Cohn & Son, Inc. v. Kinstle,* 174 Ohio App.3d 81, 2007-Ohio-6237.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–07–03.

Decided Nov. 26, 2007.

---

Lawrence A. Huffman, for appellee S. Cohn & Son, Inc.

Gregory M. Antalis, for appellee Gina Staley–Burley, Clerk of Courts of Allen County.

William C. Emerick, for appellee Joseph Sealy.

William H. White, for appellees David Jennison and Equipment Service, Ltd.

James Amodio and Gerald L. Jeppe, for appellee Midwest Technological.

Terry J. Lodge, for appellant.

---

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant, Nicholas J. Kinstle, brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to plaintiff-appellee, S. Cohn & Son, Inc. ("Cohn"). This court sua sponte consolidated this case with appellate case No. 1–07–04 for the purposes of briefing and oral argument. However, we choose to issue separate opinions.

{¶ 2} On May 5, 2005, a complaint in replevin was filed by Cohn. An answer was filed by a codefendant, David Jennison, on May 13, 2005. Kinstle filed his answer, counterclaim, and a cross-claim against Jennison on June 2, 2005. On November 14, 2006, Kinstle filed for default judgment or, in the alternative, summary judgment against Jennison. On December 18, 2006, the trial court ruled on the motion denying summary judgment to Kinstle, but granting summary judgment to Cohn, who had not filed a motion for summary judgment. This court notes that Kinstle did not appeal the denial of his motion for summary judgment against Jennison and that issue is not ripe for review. Kinstle filed a notice of appeal from the granting of summary judgment to Cohn and raises the following assignments of error.

The trial court may not award summary judgment to a party which files no request for such a ruling.

It is reversible error for the trial court on summary judgment to weigh the evidence and attribute differential weight to some evidence over other evidence.

{¶ 3} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. *Franks v. Lima News* (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. *Franks.*

{¶ 4} Kinstle's first assignment of error claims that the trial court erred in granting summary judgment to a party that did not file a motion for it.

(A) For a party seeking affirmative relief. A party seeking to recover upon a claim, counterclaim, or cross-claim * * * may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. * * *

(B) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action.

Civ.R. 56. The rule does not permit a trial court to grant summary judgment to a party without a pending motion. Since Cohn did not seek summary judgment, the trial court erred in sua sponte deciding to grant summary judgment in Cohn's favor. The first assignment of error is sustained.

{¶ 5} Having found that the trial court erred in granting summary judgment to Cohn when summary judgment was not requested, the second assignment of error becomes moot and need not be addressed by the court.

{¶ 6} The judgment of the Court of Common Pleas of Allen County is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.